THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HOWARD FRITZ, Plaintiff in Error.

*Opinion filed February 18, 1926.*

CRIMINAL LAW—*when conviction upon testimony of accomplice is not sustained.* Where the defendant's connection with a burglary and larceny depends entirely upon the uncorroborated testimony of an alleged accomplice of the defendant, who from the time of his arrest denies any participation in the crime, his testimony to an alibi being supported by other witnesses, and where none of the stolen property is found in his possession, a verdict of guilty is not sustained by the evidence.

WRIT OF ERROR to the Circuit Court of Cass county; the Hon. HARRY HIGBEE, Judge, presiding.

A. A. LEEPER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, MYRON E. MILLS, State's Attorney, and EDWARD C. FITCH, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This writ of error is prosecuted to review a judgment of the circuit court of Cass county finding plaintiff in error guilty of burglary and larceny and sentencing him to the reformatory.

The conviction rests upon the unsupported testimony of Harry Briggs, who has served one term in the reformatory for burglary and larceny and who confesses his participation in this crime. On the night of November 8, 1924, he broke into Dorr's hardware store, at Chandlerville, and took therefrom a large number of articles of hardware. He testified that he was accompanied by Howard Fritz, plaintiff in error, and Frank Durrell, who live in Beardstown. He says that he and Durrell met Fritz in front of White's taxicab.

stand on Fourth street, in Beardstown, about 11:30 P. M.,
and told him that they wanted to go to Chandlerville to
"pull off a job;" that Fritz drove them to Chandlerville in
his car and brought them back to Beardstown after they
had taken the property from the store. They divided the
goods, and according to his testimony Fritz took to his
home a rifle, a flashlight and some pocket knives. He says
that a short time after the burglary they concluded to con-
ceal the property elsewhere than in their homes, and that
they placed all of it in Fritz's car and took it to a vacant
house in Beardstown and placed it in the attic. Briggs
testified that he had an agreement with the State's attorney
that if he would testify against Fritz and Durrell the State's
attorney would *nol-pros.* the charge against him in this case
and would recommend his release on probation in another
case in which he was charged with stealing sugar.

Fritz testified that he was eighteen years old Novem-
ber 9, 1924, and had lived in Beardstown all his life; that
he knew Durrell and Briggs but was not with them on the
night of November 8, when this burglary was committed;
that he owned an Overland car and drove it along Fourth
street on his way home about 10:30 P. M. on the night of
November 8; that he stopped near White's taxicab stand
and talked with Everest Menge for a few minutes; that
he did not see Briggs or Durrell there; that Menge went
home with him and slept with him that night; that he went
to bed before midnight and remained there until about seven
o'clock the next morning; that he drove the car into the
back yard and left it as near the back door as possible; that
the next morning he noticed that the car had been used
during the night and that it was standing in a position dif-
ferent from that in which he had left it; that he did not
on the evening of November 8, nor on any other evening,
go with Briggs to "pull off a job;" that he remembers the
date because November 9 was his birthday and Menge went
home with him to join in the celebration of it.

Menge testified that he met Fritz on Fourth street about eleven o'clock P. M. on the night of November 8 and was with him the rest of the night; that he went to bed with Fritz about midnight, and, as far as he knew, Fritz did not leave until they arose about seven o'clock the next morning.

Anna Fritz testified that she is the mother of Howard; that he came home shortly after eleven o'clock on the night of November 8; that she remembered the date because she had baked a birthday cake for him and had gone that evening to visit a sick sister; that she reached home about the same time as her son and that they talked a few minutes and that he then went up-stairs and went to bed; that she did all her own housework, and that she had never seen in her house the rifle and other articles exhibited.

John Fritz testified that he is a brother of Howard; that he was in bed when Howard came home the night of November 8; that he did not see him but heard him talk; that Menge was with him then and was with him the next morning; that he never saw any of the stolen property about the house.

According to the testimony of the officers both Briggs and Durrell confess their part in this burglary. They led the officers to the house where the stolen property was concealed, and all the property that has been recovered has been returned by Briggs or Durrell. Fritz denied any knowledge of the burglary when he was arrested and has continued in his denial of participation in the crime. None of the property has been found in his possession. On the witness stand Durrell denied that he had anything to do with the burglary of this store. The identification of Fritz as one of the persons participating in this burglary depends entirely upon the uncorroborated testimony of Briggs. This court has said repeatedly that the testimony of an accomplice must be acted upon with the utmost caution. (*People* v. *Johnson,* 314 Ill. 486; *People* v. *Pattin,* 290 id. 542; *Cohn* v. *People,* 197 id. 482; *Waters* v. *People,* 172 id. 367; *Hoyt* v. *Peo-*

*ple,* 140 id. 588.) If such tainted testimony were not so regarded, the life or liberty of the best citizen might be taken away on the accusation of the real culprit, made either to shield himself from punishment or to gratify his malice. The evidence in this record does not show Fritz guilty of this crime of burglary beyond all reasonable doubt, and safety and justice require that the cause shall be tried again.

The abstract of record in this case is not in proper form, (Rule 14, 319 Ill. 15,) but it is sufficiently complete to present the insufficiency of the evidence to sustain this conviction.

The judgment is reversed and the cause is remanded to the circuit court of Cass county for a new trial.

*Reversed and remanded.*