(No. 25931.—

The People of the State of Illinois, Defendant in Error, *vs.* Bob Jackson *et al.* Plaintiffs in Error.

*Opinion filed December 16, 1940.*

Lynn S. Corbly, for plaintiffs in error.

John E. Cassidy, Attorney General, Lester Wright, State's Attorney, and A. B. Dennis, for the People.

Mr. Chief Justice Gunn delivered the opinion of the court:

Plaintiffs in error, Bob Jackson, Don Edwards and Paul Jones, were convicted of the crime of burglary at the October term, 1939, of the circuit court of Effingham county. Named in the same indictment were Tick Owens, Otis Cobble and John Fuller, none of whom were tried. Owens and Fuller were not apprehended, and Cobble was used by

the People as a witness. The only evidence in the case implicating plaintiffs in error is that of Cobble.

The facts as narrated by Cobble are substantially as follows: That on the evening of March 7, 1939, he was in a tavern in Mattoon drinking with Dorothy Leitch who, he stated, was employed there; that during the evening the defendants Owens, Jackson, Edwards and Fuller came to the tavern, and after drinking for a time went in Jackson's car to the residence of Paul Jones; that Owens went into the house and came out with some revolvers; that they then stole an automobile and after driving around awhile defendant Jackson mentioned Weber Brothers' store in Teutopolis, and when they arrived there three of the boys broke into the store and carried out twenty or twenty-two guns and some ammunition, and they then drove back to Effingham, where he claimed that Don Edwards, Bob Jackson and Tick Owens carried them into Jones' house; that he did not at any time that night see Jones, but claims the next day he went to Jones' house, and that the latter gave him two of the guns, although they were not acquainted with each other.

None of the guns was produced in evidence, and none identified, although Leo Weber says that he saw a tag on the unidentified gun found in Jones' house, and Cobble testified that he left two with a man named Armstrong. There was no other evidence offered for the People except that of Weber, who testified that the store had been broken into and a number of guns taken. At the time the trial started, and the jury sworn, Cobble was a defendant, but was called as a witness and testified without any disposition having been made of his case. Edwards and Jackson deny that they were with him at any time, and deny they had any part in the burglary. No proof of any kind was offered that Jones had anything to do with the commission of the burglary. All three of the plaintiffs in error established, by different witnesses, a good reputation as peaceable and

law-abiding citizens. Jackson and Edwards also established alibis, Edwards being at home where a party was taking place. Jackson and his father were traveling to Charleston to deliver a mattress. On the way they found a man along the road who had been injured, and they stayed at the scene while an ambulance was being called to remove him to the hospital. These events definitely establish the time fixed by the alibi witnesses. Neither the defendants nor any of their witnesses were impeached in any degree. Circumstances were offered in evidence materially affecting the testimony of Cobble. The girl he said he met at the tavern did not work there at the time. He denied riding with a man by the name of Hooper, but later admitted it, and Hooper testified Cobble said, in reference to the matter of his informing on the plaintiffs in error, "I had to do it; it was the only way out."

The court at the instance of the People gave the following instruction No. 19: "The court instructs the jury that while the testimony of an accomplice is competent evidence, such testimony is liable to grave suspicion, and should be acted upon with grave caution. Yet, if the testimony of an accomplice carries conviction, and the jury are convinced of its truth beyond a reasonable doubt, they should give it the same weight as would be given to the testimony of a witness who is in no respect implicated in the offense, and the credibility of such an accomplice is for the jury to pass upon as they pass upon the credibility of any other witness." The giving of this instruction was error. An instruction in substantially the same form has been condemned in *People* v. *Rongetti,* 338 Ill. 56, *People* v. *Lawson,* 345 id. 428, *People* v. *Weitzman,* 362 id. 11, *People* v. *Zaransky,* id. 76, *People* v. *Gleitsmann,* 361 Ill. 165, and *People* v. *Millard,* 370 id. 214. Instruction No. 19 not only contained the objectionable matter contained in the cases last cited, but in addition contained the words "they should give it the same weight as would be given to the testimony of a witness who

is in no respect implicated in the offense." In *People* v. *Fritz*, 320 Ill. 323, we said: "This court has said repeatedly that the testimony of an accomplice must be acted upon with the utmost caution. * * * If such tainted testimony were not so regarded, the life or liberty of the best citizen might be taken away on the accusation of the real culprit, made either to shield himself from punishment or to gratify his malice." In *People* v. *Alward*, 354 Ill. 357, it was said concerning the testimony of an accomplice: "He was by his testimony a self-confessed accomplice, whose evidence should be received and acted upon only with great caution. While such evidence was competent, and while a conviction may in a proper case be sustained on the uncorroborated testimony of an accomplice, the record in this case not only shows no material corroboration of Spicer's [accomplice] testimony, but he is discredited by numerous disinterested witnesses whose testimony is in no wise discredited or impeached. * * * Where the credibility of an accomplice is so impeached as appears from this record, a conviction based solely upon such testimony cannot stand but should be and will be reversed."

It is claimed this error is cured by instruction No. 5, which told the jury it should act upon the testimony of an accomplice with great caution, but there is nothing in this instruction which negatives the plain language of instruction No. 19 that the testimony of an accomplice should be examined as though he were not implicated in the offense, or the part in which the jury was told to pass upon his credibility the same as that of any other witness.

Instruction No. 23, offered by the defendants, telling the jury it had the right to consider the influence under which such testimony is given, and to consider whether the purpose of the witness was to shield himself from punishment, to obtain benefit, or to gratify malice, in weighing an accomplice's testimony, was refused. Instruction No. 19

having magnified the weight to be given to the testimony of an accomplice, the instructions which would have told the jury what it could consider in weighing the testimony should have been given also.

In this case, where the testimony of the accomplice is impeached in material respects, and his testimony is positively denied, and the defendants are shown to bear a good reputation, it was undoubted error to give the instruction No. 19 in the form it was given. It is claimed by the People . that the evidence of alibis comes from friends and members of the families of the defendants. This is only a circumstance to be considered by the jury, but when burglaries are committed in the nighttime, and citizens charged with crime are at home with the members of their families, who are the only witnesses by which such fact may be proved, such testimony should not be discredited from the fact alone that they are friends or members of the family. In *People* v. *Ickes,* 370 Ill. 486, we said: "We cannot subscribe to the theory that because the wife or relatives of a man accused of crime bring to court witnesses in his defense, they thereby become unworthy of belief."

It is apparent from the foregoing summarization of the evidence that the guilt of plaintiffs in error has not been established beyond a reasonable doubt. Their conviction must have rested upon the uncorroborated testimony of Cobble, an admitted accomplice, whose story is largely dis- . credited. When this is considered in connection with the proof offered by the defendants, as shown by this record, the conviction cannot be allowed to stand.

The judgment of the circuit court is reversed and the cause is remanded.               *Reversed and remanded.*