(No. 22089.—

The People of the State of Illinois, Defendant in Error, *vs.* Ted Patterson, Plaintiff in Error.

*Opinion filed December 22, 1933.*

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. LAWRENCE E. STONE, Judge, presiding.

GERALD G. GINNAVEN, for plaintiff in error.

OTTO KERNER, Attorney General, A. H. GREENING, State's Attorney, J. J. NEIGER, and THOMAS W. HOOPES, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The plaintiff in error was indicted, tried and convicted in the circuit court of Sangamon county on a charge of robbery while armed with a gun, and he sues out this writ of error to review that conviction.

Seven errors are assigned, in substance as follows: (1) Denial of motion to suppress evidence; (2) overruling plea of former jeopardy; (3) denial of motion for a new trial; (4) denial of motion in arrest of judgment; (5) the claimed erroneous entry of judgment upon an indictment rendered by an unsworn grand jury; (6) the imposing of sentence of imprisonment in the Southern Illinois State Penitentiary upon an indictment claimed to have been returned by an unsworn grand jury; and (7) that the verdict of the jury is contrary to the law and the evidence. All of the errors assigned may be considered by us under three general headings: First, the matters pertaining to the grand jury; second, the matters pertaining to the suppression of evidence; and third, the matters claimed as to double jeopardy.

All of the questions raised by the plaintiff in error in connection with the grand jury are completely and effectually answered by the additional abstract of record compiled by the People. The abstract furnished by the plaintiff in error failed to show all of the facts in connection with this point as the same fully appear upon the record. The additional abstract furnished by the People, and the record itself, fully and clearly show that a foreman was appointed

for the grand jury, that he and the grand jury were both duly sworn according to law, and that the jury were committed to the custody of sworn officers. There is no error shown, and the argument is without support on the record.

The claim of double jeopardy presented by the plaintiff in error is entirely without merit. It appears from the record that he was tried once before upon this same charge in the circuit court of Sangamon county on April 24, 1933. In that trial evidence was heard, the jury were instructed and later returned with their verdict, whereupon the plaintiff in error told the court that he had heard that one of the jurors was under the age of twenty-one years. By leave of court the jury were examined and it was discovered that one of the jurors was only twenty years of age, whereupon the plaintiff in error moved that the juror be withdrawn, a mis-trial declared and a new trial ordered. This motion was allowed, and the trial now in question was had pursuant to the plaintiff in error's own motion. The point has been often decided by this court against the plaintiff in error's contention. (*People* v. *Peplos,* 340 Ill. 27; *People* v. *Washington,* 342 id. 450; *People* v. *Simos,* 345 id. 226.) We do not deem it necessary to multiply the citation of authorities upon a proposition so long and so firmly established.

The evidence in the record shows beyond a reasonable doubt that on the morning of November 26, 1930, the plaintiff in error, together with one McCoy and one Brown, held up the Rochester State Bank, in Rochester, Illinois, securing something over $1800 in silver and paper money. They entered the bank and at the points of their guns forced the cashier and assistant cashier of the bank to go into the back room and lie down on the floor. They later compelled the cashier, James Earl Bell, to open the cash safe for them, and when they left they forced him to go with them in their Ford car. During the robbery George

Hessinger came into the bank and was compelled to join the others on the floor in the back room.. All three of these witnesses positively identified the plaintiff in error, and their evidence was not controverted. When the cashier was taken from the bank he was compelled to get into a Ford car with the robbers and was carried by them to the edge of town where they told him to jump out, which he did. As he jumped from the car, another car, a Buick, driven by Charles Worthan, came along, and the cashier called to the driver of that car that there were robbers ahead and pointed down the road. The Buick followed the Ford. In the meantime the police of Springfield, Illinois, had been notified by telephone that a bank at Kincaid, Illinois, had been robbed, and officers Jesberg and Redpath were in a squad car on the Rochester road on the look-out for the Kincaid bank robbers. They had been told to look out for a Ford and a Buick. A Ford and a Buick came to where they were parked and someone in the Buick pointed toward the Ford, so they took after it and followed it into Springfield and to South Grand avenue. The Ford tried to run away from the police squad car and was going from fifty to sixty miles per hour. After shouting at the party in the Ford to stop, one of the policemen finally shot at it several times, whereupon it pulled up, and the three men in it, including the plaintiff in error, were lined up with their hands in the air. The policemen discovered in the rear of the car three revolvers and a brown leather bag containing the money which had been stolen that same morning from the bank at Rochester, which money was identified by wrapped rolls of nickels containing the names of depositors as the identical money and the bag as the identical bag stolen from the bank. In the bag was also found a revolver belonging to the bank. There is nothing in the record to indicate that either the money or the pistols were concealed in any way but were apparently lying in the back of the Ford car.

Plaintiff in error presented a motion to suppress the above evidence, claiming that the search by which it was discovered was illegal. It was not contended by the motion, nor by the evidence introduced in support thereof, that the property belonged to the plaintiff in error, and there was no request to have it returned to him. This case differs from the case of *People* v. *Brocamp,* 307 Ill. 448. In the *Brocamp case* there was a motion to suppress and to return the property to Brocamp as belonging to him. The case now under consideration is very similar to the case of *People* v. *Reid,* 336 Ill. 421, in which we used the following language: "In this case the petition of plaintiff in error did not seek a return of the property to him but sought to have it suppressed and returned to the place from which it was taken. Not every search and seizure violates the constitutional rights of one against whom they are exercised. The constitution protects against unreasonable search and seizure, only. An officer making arrest, having reasonable ground to believe that the accused is implicated in a robbery, has a right to arrest him without a warrant and search his person without a search warrant.— *People* v. *Hord,* 329 Ill. 117; *People* v. *Swift,* 319 id. 359." On the trial of the instant case the officers who found the money and the guns in the automobile were permitted, without objection, to detail the circumstances of the finding of the articles, the only objection offered being to the introduction of the exhibits in evidence. That objection was merely a general objection, and, upon inquiry by the court, counsel for the plaintiff in error stated that he had no further objections than the ones raised by the written motion. Thereupon the court properly overruled the objection and admitted the exhibits. The officers making the arrest in this case had reasonable ground to believe that the occupants of the Ford car were implicated in a robbery. There was no evidence that any search was necessary to discover the articles introduced in evidence, the

318.

plaintiff in error did not claim to own any of the articles in question, and we can perceive no error in the ruling of the trial court in respect thereto. Even if a different ruling were necessary in connection with the motion to suppress the evidence it could not affect the result in this case, as the plaintiff in error was clearly proved guilty beyond all reasonable doubt without reference to any of these articles.

The record being free from error, the judgment of the circuit court of Sangamon county is affirmed.

*Judgment affirmed.*