(No. 27650.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MICHAEL GROD *et al.*—(MICHAEL CERESE, Plaintiff in Error.)

*Opinion filed January 20, 1944—Rehearing denied March 23, 1944.*

WM. SCOTT STEWART, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Michael Cerese, was convicted in the criminal court of Cook county, in a trial without a jury, of the crime of burglary. The court found he had been previously convicted of a felony, and sentenced him to the penitentiary for life.

The sole question for decision in this case involves the use by the People, over the objections of the defendant, of evidence obtained from a search of the home of the defendant without any warrant so to do. There is other evidence in the record tending to connect the defendant with the burglary which it is unnecessary to consider, as the trial court, upon disposing of the case, expressed doubt of the sufficiency of the evidence, except for that taken by the police from the home of the defendant.

The burglary was committed September 3, 1942. Cerese was arrested by the police September 4, and taken to the Sheffield avenue police station. The next day the police and parole agents went to the home of defendant in his absence, searched the premises without a search warrant, and found four $100 United States bonds, registered in the name of the brother of the complaining witness, and which had been taken from the dwelling burglarized. When the case came on for trial defendant set forth these facts in an affidavit, and requested the court to afford the petitioner a hearing so that the facts might be placed before the court, in order that the petitioner might have the benefit of a motion to suppress such evidence, based upon rights guaranteed by the constitution of the State of Illi-

nois and the constitution of the United States. The court heard the evidence set out above, but denied the motion to suppress; allowed the bonds found in such search to be introduced in evidence, and found the defendant guilty of the crime of burglary.

It was considered by the trial court that the late case of *People* v. *Exum,* 382 Ill. 204, laid down an inflexible rule that a defendant under such circumstances could not complain of an unlawful search or seizure if the petition to suppress does not allege that the property seized belonged to the defendant. Language with like inference is found in the cases of *People* v. *Patterson,* 354 Ill. 313, and *People* v. *Marvin,* 358 Ill. 426. It is to be observed that in all of these cases the search complained of was that of an automobile, in which the respective defendants were riding at the time of their arrest. None of them involved the search, without a warrant, of a dwelling house of the defendant while he was in custody.

The provisions of the constitutions of the United States and of Illinois relied upon by plaintiff in error, while in somewhat different language, are in effect the same. Section 6 of article II of the Illinois constitution is as follows: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause, supported by affidavit, particularly describing the place to be searched, and the persons or things to be seized." Section 10 of article II of the same constitution provides: "No person shall be compelled in any criminal case to give evidence against himself, or be twice put in jeopardy for the same offense." The fourth and fifth amendments to the constitution of the United States contain the same guaranties.

No case has been cited from this jurisdiction authorizing evidence obtained from the dwelling house of the de-

fendant, without a search warrant, to be used against him, and so far as we are informed the precise question argued in this case has never been directly decided by this court. One of the leading cases upon the subject is *People* v. *Brocamp,* 307 Ill. 448. In that case defendant's house was searched without a warrant, and certain stolen property found therein was offered in evidence. The plaintiff in error disclaimed being the owner of the tires, and of knowledge of how they came to be there. He made a motion similar 'to the one in the present case, asking for a return of the property and the suppression of such evidence. Upon the refusal of the court to sustain the motion, or to hear any evidence concerning it, and the resulting conviction, in reversing the case we held it was the duty of the trial court to inquire into the truth of the charge, and, if found to be true, to sustain objection to the introduction of all evidence that was claimed by the defendant and taken from his home by means of unlawful search and seizure.

In the case of *People* v. *Castree,* 311 Ill. 392, decided shortly after the *Brocamp case,* a warrant was obtained to search a store building, but without any warrant of authority the officers searched the defendant's dwelling house, and seized certain property, which they sought to use upon the trial. A motion was made to suppress, and the prayer of the petition was that the court investigate the question and that the property so taken be impounded and not used as evidence against the defendant. An exhaustive review of the federal authorities and those of other States was made, and in reversing the trial court it was stated this constitutional safeguard "shall not be frittered away by the courts by a narrow and illiberal construction and a willing blindness and indifference to its violation." The *Brocamp* and the *Castree cases* are the only Illinois cases called to our attention in which both sections 6 and 10

of article II of the Illinois constitution were referred to. In all of the other cases the objections were based solely upon section 6 of article II.

In *People* v. *Duchant*, 370 Ill. 650, the defendant was illegally arrested in his home, and, without a search warrant, the officers took from his room a gun and cartridges which were introduced in evidence. A motion to suppress was made and denied by the court, and we held it was error for the trial court to refuse to suppress exhibits obtained in this manner. In *People* v. *Lind;* 370 Ill. 131, a search of the home of the defendant was made with the alleged consent of the wife, and certain articles were seized by the officer and later used in the trial. A motion to suppress was made and denied by the court. We held in that case that the consent, if obtained, was so tinged with official coercion as to be ineffective, and that the search being illegal for want of a search warrant, the motion to suppress should have been sustained. In *People* v. *Dent*, 371 Ill. 33, two police officers came to the home of the defendant, and in response to the ringing of the doorbell some one in the house said "come in." After entering they saw upon the table certain policy-book numbers and slips, which they proceeded to seize and use later in the trial of the cause. Upon a denial of the motion to suppress, defendant was found guilty, and the cause was reversed because of the error of the trial court in refusing to grant the motion to suppress made by the defendant.

The exact question before us was not decided in any of these cases, but the conclusion to be drawn from them is that the search of one's dwelling without a warrant is unreasonable, and any articles taken may, upon motion, be either impounded by the court, or ordered returned to defendant, and not be permitted to be used as evidence in the case. We have many times held that, because of the similarity of the provisions of the Federal constitution and the Illinois constitution, the decisions of the United States

Supreme Court were pertinent. The question involved here has been before that court several times. In *Boyd* v. *United States*, 116 U. S. 616, 29 L. ed. 746, it was held that the fourth and fifth amendments to the constitution were intimately related, as the unreasonable searches and seizures condemned in the fourth amendment are almost always made for the purpose of compelling a man to give evidence against himself, which in criminal cases is condemned by the fifth amendment; and that therefore the seizure of a man's private papers or property, without warrant of law, was equivalent to compelling a man to be a witness against himself.

In *Agnello* v. *United States*, 269 U. S. 20, 70 L. ed. 145, the facts were quite similar to the case at bar. Certain defendants were observed by the officers to be making sales of narcotics, and were immediately arrested. After their arrest the officers went to the home of the defendant Agnello and, without a warrant, searched his room and found a can of cocaine. Objection to its introduction in evidence was first sustained but later, in rebuttal, it was admitted. This was held to be reversible error. The entire scope of the fourth and fifth amendments is discussed, and the conclusion reached: (1) that the protection of the fourth amendment extends to all those justly suspected or accused as well as the innocent, and that the search of a private dwelling without a warrant is unreasonable and abhorrent to our laws; and (2) that when properly invoked the fifth amendment protects every person from incrimination by the use of evidence obtained through search or seizure made in violation of his rights under the fourth amendment. Other applications of the rule in the *Boyd* and *Agnello cases* are to be found in *Go-Bart Importing Co.* v. *United States*, 282 U. S. 344, 75 L. ed. 374, and *United States* v. *Lefkowitz*, 285 U. S. 452, 76 L. ed. 877.

The contention of the People that this rule is modified by the decision of *People* v. *Exum*, 382 Ill. 204, upon

examination is not sustained, for it is expressly pointed out that "privilege against self-incrimination is not identical with unreasonable search, [citations] though they have their point of contact. The seizure or compulsory production of a man's private papers, property or effects to be used in evidence against him is equivalent to compelling him to give evidence against himself, and in a criminal case is prohibited by the constitution. When the thing forbidden by the constitution, *viz.*, compelling a man to give evidence against himself in a prosecution for crime, is the object of a search and seizure of his private papers, property, or effects, it is 'an unreasonable search and seizure' within the prohibition of the constitution."

In *People* v. *Poncher,* 358 Ill. 73, the court, in explaining the case of *People* v. *Davies,* 354 Ill. 168, cited by the People, said: "The opinion in that case cannot be construed to mean that if a person is lawfully arrested on a criminal charge which involves his possession of particular property the officers are at liberty to search his home, his place of business or buildings of which he may have the right of occupancy, without first obtaining a search warrant therefor. * * * What the opinion means to hold, and does hold, is, that if a person is arrested he may be searched for weapons and for property in his immediate personal possession which are involved in the crime charged."

Later, in the case of *People* v. *Lind,* 370 Ill. 131, which involved the search of a man's dwelling house, we pointed out that *People* v. *Marvin,* 358 Ill. 426, merely emphasized the well-known rule that constitutional prohibition does not extend to all searches and seizures, but only to guard or shield against unreasonable ones. In the *Brocamp case* the court considered that the search of the defendant's dwelling house, and seizure therefrom of certain articles, later used as evidence, violated not only the

provisions of the Federal constitution but sections 6 and 10 of article II of the constitution of Illinois.

There are many cases in both this jurisdiction and others, as well as the United States courts, which point out the distinction between the seizure of property at the time of a person's arrest, or from a vehicle in which he is riding, from seizure on entering his dwelling house without a warrant, after he has been arrested. Thus, in *Agnello* v. *United States,* 269 U. S. 20, it is said: "The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other things to effect an escape from custody is not doubted. [Citations.]" In *Carroll* v. *United States,* 267 U. S. 132, 69 L. ed. 543, it was said: "We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the fourth amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought."

The facts disclosed in the present case indicate the bonds found in the room of plaintiff in error were stolen property. He testified he did not place them there, and did not know they were there. If, in order to have them suppressed he must allege that he owned them, then he has in effect been compelled to admit the possession of stolen property recently following a crime, which is suffi-

cient in itself, unless explained, to authorize conviction. The same situation existed in the *Agnello case,* where defendant denied the possession of a can of cocaine, or that he ever owned it, but it was suppressed as evidence because taken from his home without a warrant.

It seems to us from a review of the many cases upon the subject that the following principles have been established: (1) that the guaranties of the fourth and fifth amendments of the constitution of the United States are in effect the same as sections 6 and 10 of article II of the Illinois constitution, and are construed alike, and that such provisions are liberally construed in favor of the accused; (2) that the home of a person charged with crime cannot, without consent, be searched without a warrant, and a search so made is an unreasonable one under the constitution; (3) that the use of articles taken from the dwelling house of an accused, without a warrant, and received in evidence in his trial, amounts to the compelling of a person accused of crime to testify against himself, contrary to both the constitutions of the United States and of the State of Illinois; (4) that there is a distinction between the search of a dwelling house without a warrant, and search of the person of the defendant, or of the vehicle in which he is riding, in that the first is unreasonable as a matter of law, whereas the latter may depend upon the particular circumstances of the case; (5) that where evidence is obtained from the dwelling house of a defendant without authority of a search warrant, if it is of such a nature as would incriminate the defendant, contrary to the constitution, it should be suppressed by the court upon a petition filed in apt time, describing the illegal search, and asking that it be impounded and suppressed upon proof of the illegal search, without regard to the ownership of the property. In such cases the combined effect of sections 6 and 10 of article II of the constitution is to utterly

prohibit the defendant from being incriminated in such a manner.

The search of the residence of plaintiff in error in this case was without a warrant, while he was in jail under suspicion of crime, and the production and use of the bonds in this case amounted to a direct violation of the constitution which prohibits searching his residence without a warrant, and to compelling him to incriminate himself by the use of what was found therein.

The evidence in this case should have been suppressed, and for the error of the trial court in refusing to do so the judgment of the criminal court of Cook county is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*