(No. 31117.—)

The People of the State of Illinois, Defendant in Error, *vs.* Frank Valecek, Plaintiff in Error.

*Opinion filed November 22, 1949—Rehearing denied Jan. 12, 1950.*

Frank Valecek, *pro se.*

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Peter G. Kuh, and James Condon, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Frank Valecek and John Susanec were jointly indicted in the criminal court of Cook County for the crime of robbery. The indictment consisted of three counts. The first charged the defendants with robbing James Benakis of a watch and that they were then and there armed with a certain pistol. The second charged robbery while armed with a dangerous weapon. The third count charged robbery but omitted the charge of the defendants being armed. On a trial by jury both defendants were found guilty as charged in the indictment and each was found to have been armed with a pistol. They were sentenced to the State penitentiary for a term of not less than twenty nor more than thirty-five years. Susanec brought the case to this court and his conviction was affirmed. (*People* v. *Susanec,* 398 Ill. 507.) Valecek now brings the record here for review of his conviction.

Plaintiff in error contends (1) that the evidence does not prove him guilty beyond a reasonable doubt; (2) that the court erred in dismissing the third count of the indictment on motion of the State; (3) that the court improperly received in evidence certain articles found in plaintiff in error's home; (4) that the court improperly instructed the jury; and, (5) that the prosecution failed to prove the crime as charged in the indictment.

We pointed out clearly the facts concerning this robbery and the opportunity for identifying plaintiff in error as taking part therein in the *Susanec case,* and it is unnecessary to restate the facts and evidence as there pointed out.

Plaintiff in error contends it was error to dismiss the third count of the indictment without his consent. The report of proceedings indicates a *nolle prosequi* was entered after a verdict and motion for new trial. (*People* v. *Williams,* 309 Ill. 492.) This record reveals no evidence from

which the jury could find the robbery was committed without the use of arms and on this point no other verdict could have been returned. We have repeatedly held, in reviewing a judgment of conviction, we will not reverse because of error unless it should appear that the verdict and judgment resulted from such error. (*People* v. *Susanec,* 398 Ill. 507; *People* v. *Lehner,* 335 Ill. 424.) We find no prejudicial error in this respect.

Plaintiff in error contends it was error to admit into evidence, among other articles, a black leather jacket taken from his home by the police without a search warrant. It does not appear that a petition was filed in apt time for a suppression of this evidence and no objection was made to its introduction on the trial, and while it is error to deny a motion to suppress evidence unlawfully obtained when the motion is filed in apt time, (*People* v. *Grod,* 385 Ill. 584; *People* v. *Brocamp,* 307 Ill. 448,) it is not error to admit such evidence when no such motion was presented and no objection made. *People* v. *Winn,* 324 Ill. 428.

It is also urged it was error to admit testimony of a police lieutenant to the effect that plaintiff in error refused to give the police a statement at the police station. We held in the case of *People* v. *Rothe,* 358 Ill. 52, that admission of evidence that the defendant refused to make a statement was erroneous and prejudicial. In that case, however, the evidence was close and conflicting and many other errors contributed there to its reversal. Here, we find the evidence is in noway conflicting, but clearly establishes the guilt of the defendant beyond a reasonable doubt. The testimony complained of was brought out on both direct and cross-examination without objection. It was exculpatory in nature and no intimation that the refusal was in any manner a confession was included in the testimony in question. We have repeatedly held that even where a confession is improperly admitted such error would

not require reversal where the accused was positively identified as the perpetrator of the crime. (*People* v. *Kraus,* 395 Ill. 233; *People* v. *Ickes,* 370 Ill. 486.) The evidence in this case so overwhelmingly supports the judgment below that the admission of this testimony could not have affected the jury in its verdict.

It is further urged that the instruction given with reference to any material facts in the case is erroneous because no other instruction was given clearly defining what the material facts were. We find from an examination of the record that other instructions defining the elements of the crime were given to the jury. We have examined the instructions complained of here, taking into consideration all the instructions as given in the case, and find that as a whole they fairly announce the law applicable to the theories of the People and of the defendant, respectively. (*People* v. *Susanec,* 398 Ill. 507; *People* v. *Shelton,* 388 Ill. 56; *People* v. *DeRosa,* 378 Ill. 557.) As to the other instructions complained of, we are of the opinion such instructions and their import were pointed out in the case of *People* v. *Susanec,* 398 Ill. 507. This court has held that it is not its duty to review the record in a criminal case to determine whether or not it is free from error. (*People* v. *Lehner,* 335 Ill. 424; *People* v. *Cardinelli,* 297 Ill. 116.) It is not the policy of this court to reverse a judgment of conviction merely because error has been committed, unless it appears that real justice has been denied or that the verdict of the jury and the judgment of the court may have resulted from such error. *People* v. *Lehner,* 335 Ill. 424; *People* v. *Murphy,* 276 Ill. 304.

We have carefully analyzed this record and are of the opinion that the judgment should be, and is, affirmed.

*Judgment affirmed.*