(No. 33516, 33517.— )

THE CITY OF CHICAGO, Appellant, *vs.* SAM J. LORD, Appellee.—THE CITY OF CHICAGO, Appellant, *vs.* CHARLES CHERTKOFF, Appellee.

*Opinion filed November 30, 1955*

JOHN J. MORTIMER, Corporation Counsel, and JOHN C. MELANIPHY, Acting Corporation Counsel, both of Chicago, (L. LOUIS KARTON, and ARTHUR MAGID, of counsel,) for appellant.

SHULMAN, SHULMAN, ABRAMS & JOSEPH, of Chicago, (MILTON K. JOSEPH, of counsel,) for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant, the city of Chicago, filed quasi-criminal complaints in the municipal court of Chicago, charging appellees, who are Sam J. Lord and his employee Charles Chertkoff, with unlawfully exhibiting for gain or profit in a place of public amusement, pictures containing obscene, lewd, indecent and immoral matter in violation of the Chicago Municipal Code. At a joint trial, the court sustained separate motions of appellees to suppress evidence consisting of six films taken by police, without search warrant and without an arrest being made, from a public amusement place owned and operated by Lord. When the assistant State's Attorney who conducted appellant's case confessed to having no evidence other than the films, judgments were entered for appellees. On appeal to the Appellate Court for the First District where, as here, the causes were consolidated, the judgments of the Municipal Court were affirmed. (3 Ill. App. 2d 410, 122 N.E. 2d 439.) We have granted leave to appeal for further review on petition of appellant.

The facts of the case are stated in the opinion of the Appellate Court. After consideration of the briefs of the

parties and the applicable decisions of this court, it is our firm conviction that the Appellate Court properly decided both that the films in question were unlawfully seized, and that they were not admissible in evidence. Without more, this appeal need not have been granted. We are met, however, with appellant's contention that a recent decision of the Supreme Court of the United States requires that this court should now hold that evidence obtained by unlawful seizure is admissible in subsequent criminal proceedings or, as here, in proceedings criminal in nature. In essence, therefore, appellant urges that we depart from the theory of inadmissibility, or rule of exclusion as it is sometimes called, which, as the Appellate Court noted, has been applied to evidence obtained as the result of unlawful search and seizure from the time of *People* v. *Brocamp*, 307 Ill. 448, to the present.

The reported decisions reflect that courts of all jurisdictions have drawn a sharp distinction between the unreasonable search and seizure itself and the question of the admissibility of evidence obtained thereby. The inherent competence and admissibility of evidence so obtained has been almost unanimously sustained, (24 A.L.R. 1409; 150 A.L.R. 566,) but there is divergence of opinion as to whether it is subject to suppression on pretrial motion. A majority of approximately two thirds of the States hold that it is not; the remaining third hold that it is. This court follows the minority rule of exclusion, (*People* v. *Brocamp*, 307 Ill. 448; *People* v. *Castree*, 311 Ill. 392; *People* v. *Martin*, 382 Ill. 192,) which is also the rule prevailing in Federal courts. *Weeks* v. *United States*, 232 U.S. 383, 58 L. ed. 652; *Gouled* v. *United States*, 255 U.S. 298, 65 L. ed. 647; *Goldstein* v. *United States*, 316 U.S. 114, 86 L. ed. 1312.

The history of the rule of exclusion in this jurisdiction, and the State and Federal constitutional considerations which led to its adoption, are exhaustively presented and

382

discussed in *People* v. *Castree*, 311 Ill. 392, and we see no purpose in repeating them at this time. Suffice it to say that appellant's present attack upon the wisdom of the rule stems from the case of *Wolf* v. *Colorado*, 338 U.S. 25, 92 L. ed. 1782. In the latter case, the Supreme Court held that, in a prosecution in a State court for a State crime, the fourteenth amendment does not forbid the admission of evidence obtained by an unreasonable search and seizure. In the course of its opinion the court intimated, but did not decide, that the Federal exclusionary rule, after which our own rule is patterned, is not a command of the fourth amendment, but merely a judicially-created rule of evidence which Congress could overrule by appropriate legislation. Seizing upon this intimation, appellant suggests that the constitutional grounds which led us to adopt the rule of exclusion have disappeared, and argues that the rule itself should thus be abandoned.

We find no merit to the contention made. As previously stated, the *Wolf case* decides only that, in a prosecution in a State court for a State crime, the fourteenth amendment does not forbid the admission of evidence obtained by unreasonable search and seizure.

Accordingly, we adhere to our previous decisions and affirm the judgment of the Appellate Court.

*Judgments affirmed.*