(No. 35502.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES MAYO, Plaintiff in Error.

*Opinion filed March 31, 1960.*

Daily, J., dissenting.

Dixon, Ewell, Graham & Vital, of Chicago, for plaintiff in error.

Grenville Beardsley, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

The defendant, James Mayo, was convicted in the municipal court of Chicago of a misdemeanor, the unlawful possession of papers and documents used in playing policy, and was fined $200. Policy slips were found in his car at the time of his arrest. His motion to suppress them, on the ground that the search of his car violated his constitutional rights, was denied, and they were received in evidence. The constitutional question thus raised gives us jurisdiction of this writ of error to review the judgment of conviction. *People* v. *Watkins,* ante p. 11.

A police officer of the city of Chicago arrested the defendant because his car was parked with its front wheel against the curb but with its rear wheel about 18 inches from the curb, in violation of an ordinance. The defendant had just stepped out of the car when he was arrested. He was searched, and then the car was searched, and the policy slips were found in the glove compartment. The officer testified that when he searched the vehicle he was looking for "anything that might have constituted a violation—guns, a knife—policy."

The State concedes that this search was illegal, saying, "The power of the police to search and seize at will, merely because a traffic ordinance or law has been violated, does violence to constitutional concepts of security based upon the inviolability of the person and his effects." A word of explanation as to the concession thus made is appropriate. This case was submitted at the January, 1960, term. At the September, 1959, term, an opinion was adopted in *People* v. *Watkins*, ante p. 11, which sustained the legality of the search there involved upon the sole ground that it was made in connection with an arrest for a traffic violation. Three judges rejected the proposition that every arrest for a traffic violation automatically justifies a search of the person and of the car of the violator. They concurred in affirming the judgment, however, because they were of the opinion that the search was justified upon other grounds. Subsequently a rehearing was allowed, and an opinion has been adopted which expresses the view taken by the concurring judges. The position of the State in this case also reflects that view.

Although the State concedes that the search was illegal, it argues that the judgment should nevertheless be affirmed. It invites us to hold that "contraband material is admissible in evidence against a defendant in a criminal case even though seized in an unreasonable search, and a motion to

suppress contraband material will not be granted by a trial court." The argument advanced for such a holding is somewhat involved. It first points to three opinions of this court that were concerned with the interest or standing required of a defendant before he can prevail upon a motion to suppress evidence, (*People* v. *Perry*, 1 Ill.2d 482; *People* v. *Kalpak*, 10 Ill.2d 411, and *People* v. *Perroni*, 14 Ill.2d 581,) and it distills from those three opinions what it calls the "Illinois rule;"—that illegally obtained evidence is not excluded for any reason related to section 6 of article II of the constitution which prohibits unreasonable search and seizure, but only because its admission would violate the privilege against self-incrimination established by section 10 of article II. Then it states that the admission in evidence of property unlawfully seized can not incriminate a defendant unless he owns the property, and concludes with the proposition that since no one can be the owner of contraband, no one can be incriminated by its admission into evidence, whether or not it was unlawfully seized.

There are many difficulties with this argument. In the first place, the asserted "Illinois rule" does not exist. As the Appellate Court has pointed out: "The Supreme Court has uniformly held that evidence procured by an illegal search is not admissible in a criminal prosecution and will be suppressed on motion made in apt time—before the commencement of the trial. * * * This protection against an unreasonable search is based on the invasion of the privacy of the individual—his home, office and effects —rather than on the self-incriminatory effect of the evidence secured. As said in *People* v. *Grod*, 385 Ill. 584 (1944) : 'The *Brocamp* and the *Castree* cases (307 Ill. 448 and 311 Ill. 392) are the only Illinois cases called to our attention in which both sections 6 and 10 of article II of the Illinois constitution were referred to. In all of the other cases the objections were based solely upon section 6

of article II.' " (*City of Chicago* v. *Lord,* 3 Ill. App. 2d 410, 415-6, aff'd 7 Ill. 2d 379.) In *People* v. *Albea,* 2 Ill.2d 317, a witness was discovered in the course of an illegal search, and the testimony of that witness was suppressed. The privilege against self-incrimination was not and could not have been involved. *People* ·v. *Martin,* 382 Ill. 192, is to the same effect.

· The characterization of property as contraband, in which no property rights can exist, has not barred a motion to suppress its use as evidence. (*United States* v. *Jeffers,* 342 U.S. 49, 96 L. ed. 59; see cases collected, 50 A.L.R. 2d 542.) "[I]t is axiomatic that a search which is unlawful in the beginning is not made lawful by the discovery and seizure of contraband articles." (*People* v. *West,* 15 Ill.2d 171.) Indeed, where the State relies upon a defendant's possession of contraband to obtain a conviction, as in this case, it is not necessary for the defendant to allege possession in his motion to suppress. *Jones* v. *United States,* 362 U.S. 257, 4 L. ed.2d 697.

The judgment of the municipal court is reversed.

*Judgment reversed.*

Mr. JUSTICE DAILY, dissenting:

For reasons more fully stated in my specially concurring opinion filed in *People* v. *Watkins,* ante p. 11, I dissent from the language in the present case which repudiates the long-standing rule that a search of the person following a valid arrest is not unreasonable within the meaning of constitutional prohibitions against unreasonable searches and seizures.

I would add also that the two decisions present a strange anomaly. In *Watkins* a search of the person was found unreasonable upon the basis of decisions which held that searches of automobiles violated constitutional standards. In the present case the *Watkins* decision is used as au-

thority to invalidate the search of a vehicle. To me, this is a more "indiscriminate application of legal concepts," (*People* v. *Watkins,* p. 18,) than is the uniform application of the rule that a search of the person is a valid incident to a lawful arrest for any crime, major or minor.