(No. 36909.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SOTOS, Plaintiff in Error.

*Opinion filed Nov. 30, 1962.—Rehearing denied Jan. 28, 1963.*

HAROLD J. HEFTER and DANIEL KARZEN, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and RUDOLPH L. JANEGA and JAMES R. THOMPSON, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

The defendant, John Sotos, was indicted in the criminal court of Cook County on two charges of burglary. He pleaded not guilty, was tried by the court without a jury, found guilty and sentenced to the penitentiary for a term of not less than two years nor more than ten years on each charge, the sentences to run concurrently.

Defendant now brings this writ of error contending that he was unlawfully arrested by a police officer without a warrant, as there was no reasonable ground to believe that the defendant had committed a crime, and therefore a subsequent search of his hotel room was unlawful because it was made without a warrant. Consequently the results of the search should not have been admitted in evidence. The defendant also contends that the cumulative effect of the trial court's examination of witnesses and its comments denied the defendant a fair and impartial trial and that such actions constitute prejudicial error.

We must first consider the manner in which the alleged

errors were preserved for review. An examination of the record reveals that defendant was represented by counsel of his own choosing. At his arraignment defendant was given a list of witnesses to oral statements alleged to have been made by him. At the opening of the trial defense counsel suggested that "there would be possibly, from talking to this defendant, a legal objection to the admissibility of the confession." Counsel further stated: "The only point I wanted to raise was the testimony of the police officer. I'd like an opportunity to bring in some law on the admissibility of his testimony." Thereafter it appears that nothing was done concerning a motion to suppress until the close of the State's case, at which time defense counsel requested a further continuance to present a motion. The prosecutor then asked what motion he was going to present to the court, and defense counsel stated that he was going to present a motion to suppress the items that were taken in the search of defendant's hotel room and the alleged confession. At the request of defense counsel, the court gave him a one-week continuance to present a written motion. At the end of the week, on defendant's motion, the case was continued for a second week and then the defendant testified and an officer testified in rebuttal. Therefore, it appears that, although defense counsel requested and was given time to prepare a motion to suppress the results of the search and the alleged confession, no such motion appears in the record and there appears to be no ruling by the court on any motion to suppress either in writing or orally.

In *People* v. *Valecek,* 404 Ill. 461, 463, defendant contended that it was error to admit in evidence a jacket taken from his home without a warrant. In affirming the trial court, we held: "It does not appear that a petition was filed in apt time for a suppression of this evidence and no objection was made to its introduction on the trial, and while it is error to deny a motion to suppress evidence unlawfully obtained when the motion is filed in apt time, (*People* v.

*Grod,* 385 Ill. 584; *People* v. *Brocamp,* 307 Ill. 448,) it is not error to admit such evidence when no such motion was presented and no objection made. *People* v. *Winn,* 324 Ill. 428."

· The same conclusion was reached in *People* v. *Kalpak,* 10 Ill.2d 411 where we stated: "No motion to suppress the evidence taken from Johnson's home was made by Kalpak. It is the rule in this and other jurisdictions that where no timely motion to suppress the evidence is made, evidence obtained by an unlawful search and seizure is admissible. (*People* v. *Valecek,* 404 Ill. 461; Anno. 50 A.L.R. 2d 531, 583.)"

The record before us reveals no motion to suppress the items seized from defendant's home, and no objection to their admission in evidence. While defense counsel made a general objection to the arresting officer's testimony, this appeared to be in reference to oral admissions of defendant. The introduction of evidence of the oral admissions is not questioned upon this appeal. No motion for a new trial or in arrest of judgment was made.

We are therefore of the opinion that any alleged error in the admission of evidence was not properly preserved for review. It is, therefore, unnecessary to consider the State's contention that the search of defendant's premises was at the invitation of the accused.

We next consider the alleged errors committed by the trial court's examination of witnesses and comments during the trial. We have examined the entire record and find that much of the evidence was put in by stipulation, after which the trial judge carried on his own examination to more fully develop the pertinent elements of the case. The trial was before the court and it is apparent from the record that the absence of a jury led both counsel and the court to adopt an informal attitude toward the proceedings. In this atmosphere defense counsel made no objection at any time to the examination of witnesses or the remarks of the trial judge.

In addition defendant made no motion for a new trial or in arrest of judgment. We have often refused to consider alleged error when counsel has sat idly by, and given no opportunity to the trial court to correct such alleged error, either by objection or post-trial motion. (*People* v. *Boozer,* 12 Ill.2d 184, 190; *People* v. *Yetter,* 386 Ill. 594.) While some of the actions of the trial judge were improper, we believe the defendant received a fair trial and his guilt was established beyond a reasonable doubt. We will, therefore, not reverse on the basis of objections to the conduct of the trial judge that were not raised below. The judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*