**People of the State of Illinois, Plaintiff-Appellee, v. Robert Broome, Defendant-Appellant.**

**Gen. No. 54,043.**

First District, First Division.

October 13, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James H. Feldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ADESKO delivered the opinion of the court.

The defendant, Robert Broome, was convicted by a jury on March 6, 1969, for the offense of burglary in that he, without authority, knowingly entered into the basement of an apartment building with the intent to commit the crime of theft in violation of chapter 38, section 19–1 of Ill Rev Stats 1967. The defendant appeals his conviction and urges as grounds for reversal (1) that he was not proven guilty beyond a reasonable doubt; (2) that he was so intoxicated as to be incapable of forming the intent to commit a theft; and (3) that the trial judge prejudiced his right to a fair trial by questioning a witness in a partial manner.

This case presents conflicts in the identification testimony as well as the testimony fixing the location of the proceeds of the alleged burglary. Three eyewitnesses testified as to the identity of the alleged burglar and the location of the allegedly stolen television set and record player.

The first witness, Leslye Ann Edinburg, a real estate manager for Century Management Corporation, which owns the apartment building at 6333 South Ingleside, Chicago, where Mrs. Edinburg resides with her daughters, saw from the back porch of her third-floor apartment, after 10:45 p. m., on the evening of November 14, 1968, in a pouring rain, a figure of a man in her backyard. She could not identify the figure she saw either as the defendant, or as Mr. Marshall. She admitted in court that Mr. Marshall has the same build as the defendant, and that she had Mr. Marshall fix her door that night. She did see Mr. Marshall later that night in the custody of the police. Mrs. Edinburg also testified that

when she later went to the basement, the record player and television set were at the entrance to the basement door.

The second witness, Willie Blue, fifteen years of age, was visiting at Mrs. Edinburg's apartment. He left about 10:45 p. m., saw a man going down the alley with a television set and record player "and he put it in a black car," Marshall's car. Willie Blue also testified that this man came within twenty feet of him and that he could identify the man as the defendant. However, Blue admitted that he knew Mr. Marshall; that he saw him every day; that Mr. Marshall is about the size of and looks like the defendant; and that he, Willie Blue, had eyeglasses but was not wearing them that night in the pouring rain.

The third witness, Troy Benton, eighteen years of age, was working as an assistant janitor for Mrs. Edinburg. He was also visiting the Edinburg apartment that night. Troy Benton went downstairs from the third-floor apartment only after Willie Blue went down and came back upstairs and said someone had broken into the basement. Benton testified that he saw the defendant standing in the backyard with a record player in his hand. It is to be noted that Benton's observation of the defendant holding a record player in his hand occurred at a point in time much later than Willie Blue's observation of the defendant taking the record player and television to Marshall's car in the alley.

The State contends that the discrepancies in the testimony of these witnesses are neither substantial nor significant, and hence do not provide grounds for reversal, citing People v. Gray, 106 Ill App2d 110, 245 NE 2d 626 (1969). We disagree. We find the evidence conflicting on the vital factual questions of identification and location of the proceeds of the burglary and so unsatisfactory as to raise a reasonable doubt of defendant's guilt. It is well settled that a conviction will be reversed where the evidence is so unsatisfactory as to raise a reasonable doubt of defendant's guilt, People v. Butler, 28 Ill2d 88, 190 NE2d 800 (1963); People v. Pellegrino, 30 Ill2d 331, 196 NE2d 670 (1964), even where the conviction is a result of a jury trial. People v. Coulson, 13

Ill2d 290, 149 NE2d 96, (1958). If a conviction is to be sustained, it must rest on the strength of the People's case and not on the weakness of the defendant's case. People v. Coulson, supra. Here, the People's case rests on one witness' observation of a figure of a man; a fifteen-year-old boy's identification under adverse circumstances; and a third witness' observation of an occurrence which is in direct conflict with the testimony of the second witness. Under these circumstances, we cannot say that no reasonable doubt of the defendant's guilt remains or that every reasonable hypothesis inconsistent with innocence is excluded. People v. Butler, supra.

Defendant raises for review the added contentions: (1) that he was so intoxicated that he was wholly incapable of forming the intent with which he was charged; and (2) that the trial judge acted as an advocate in examining witnesses.

■ ■ While intoxication so extreme as to suspend the power of reason may be a defense to prosecution for offenses where specific intent is a necessary element, People v. Tillman, 26 Ill2d 552, 557, 182 NE2d 731 (1963); Schwabacher v. People, 165 Ill 618, 629, 46 NE 809 (1897); People v. Soznowski, 22 Ill2d 540, 177 NE2d 146 (1961), and while the trial judge's assumption of the role as advocate and chief examiner may prejudice the defendant, People v. Giacomino, 347 Ill 523, 529, 180 NE 437 (1932); People v. Trefonas, 9 Ill2d 92, 99, 136 NE2d 817 (1956), our conclusion on the first error assigned makes it unnecessary for us to consider further errors assigned.

Accordingly, for the reasons given, the judgment of the Circuit Court of Cook County, Criminal Division is reversed.

Judgment reversed.

BURMAN, P. J. and MURPHY, J., concur.