THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM BURRESS, Defendant-Appellant.

(No. 55569; ▮▮▮▮▮▮▮▮▮▮

First District—January 25, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Mary Cahill and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Thomas R. Mulroy, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Upon a bench trial defendant was found guilty of theft and sentenced to two to five years in the State Penitentiary. He appeals from that judgment, contending that the trial court's consideration of matters not in evidence denied him Due Process of Law.

Testimony on behalf of the prosecution revealed that on May 20, 1970, an automobile was stolen from in front of 3658 North Bernard, Chicago. Approximately 12 hours after its absence was reported by the owner, the automobile was involved in a two-car collision at Central Park and Roosevelt Road. Defendant was identified as the driver of the stolen vehicle at the time of the collision. After the accident, investigating police officers escorted defendant to a hospital for treatment of cuts and bruises and placed him under police guard. He managed to flee the hospital, but was apprehended in Mississippi a few weeks later.

Testifying in his own behalf, defendant relied on the doctrine of necessity * to explain his possession of the stolen vehicle. He stated that on the day of the collision the gunfire of an unknown assailant routed him from an alley at Douglas and Central Park. In order to escape, he

---

* Ill. Rev. Stat. 1969, ch. 38, par. 7—13:
"Conduct which would otherwise be an offense is justifiable by reason of necessity if the accused was without blame in occasioning or developing the situation and reasonably believed such conduct was necessary to avoid a public or private injury greater than the injury which might reasonably result from his own conduct."

appropriated a nearby automobile, which happened to be the vehicle stolen from in front of 3658 North Bernard, and sped from the scene, but, in his haste he crashed into another vehicle.

At the close of all the evidence the trial judge found defendant guilty. Immediately thereafter, a hearing in aggravation and mitigation was held, during which the following colloquy transpired:

"[DEFENSE COUNSEL]: Before we go ahead, I can't argue anything about this case but one thing that troubles me, and that is since this man was missing some articles it seems like this car was stolen about 12:30, just past midnight, so it would have been stolen for maybe 12 or 14 hours at the time Mr. Burress was in it. And he was in it alone. And yet, there is no sign of these other things that were taken from the automobile.

THE COURT: Let me answer you, [Counsel]. I might buy your doubts that you might have if Mr. William Burress was before me the first time and it was a stolen automobile that someone else might have stolen and then he got into it and had all of these things happen.

But you must bear in mind that at an early age William Burress started on this business, and then I gave him $100 fine and suspended it in hopes that he would cut out all this nonsense."

Before sentence was imposed, additional references were made to defendant's previous criminal record involving convictions for theft and criminal trespass to a vehicle.

It is defendant's contention that the trial judge's comments during the hearing in aggravation and mitigation reflected that the trial judge's estimate of defendant's credibility and, hence, the finding of guilty was based partially on a consideration of defendant's criminal record, despite the failure of the prosecution to enter that record into evidence during the trial. He argues that a new trial is thus required and cites in support the following cases: *People v. Rivers*, 410 Ill. 410; *People v. McGeohegan*, 325 Ill. 337; *People v. McMiller*, 410 Ill. 338.

■■ Defendant's cited cases accurately recite the legal doctrine that the deliberations of a trial judge are limited to the record made before him during trial; a finding may not be based upon a judge's private knowledge. (*People v. McGeohegan, supra; People v. Wallenberg*, 24 Ill.2d 350, 354.) It is presumed that a trial judge has considered only competent evidence in reaching his verdict, (*People v. Burts*, 13 Ill.2d 36, 39), but this presumption may be rebutted by the recorded statements of the trial judge. (*People v. Wallenberg, supra.*) A corollary rule, also tending to limit the permissible basis for a verdict, absolutely proscribes private investigations by trial judges during bench trials, re-

gardless of the nature of the information gathered. *People v. Cooper*, 398 Ill. 468.

■■■ By his citations and contentions, defendant raises two issues for our resolution: 1) Does the record establish that the trial judge conducted a private investigation? 2) Does the record rebut the presumption that the trial judge considered only admissible evidence in finding defendant guilty? The first proposition presents little difficulty, for the transcript of the trial and of the hearing in aggravation and mitigation reveals no evidence of any private investigation by the trial judge. We also perceive no support in the record for defendant's contention that the trial judge acted upon private knowledge of defendant's criminal record. Nowhere in the trial transcript does the trial judge express any personal familiarity with defendant or with defendant's criminal record. The trial judge's brief comments before rendering his finding of guilty adequately expressed the basis for that finding:

"THE COURT: All right. Will you approach the bench?

In recapitulating the State's case and the answer of the Defense, we had among other things for the State an eyewitness by the name of Floyd Walton, who was an actual eyewitness to the incident. I don't believe it is worthy to go into all the other details in connection with the State's case. You have an eyewitness.

\* \* \*

Right. Now, the defendant is a 20 year old boy who states that he was drinking before this incident took place, and then he follows it up with a fantastic story, a fantastic story, which by the greatest stretch of the imagination is not to be believed.

There will be a finding of guilty."

We note that the evidence adduced by the prosecution was sufficient to justify a guilty finding and believe that the characterization of defendant's testimony as "fantastic" was not altogether unwarranted.

The first reference by the trial judge to defendant's criminal record occurred during the hearing in aggravation and mitigation. This was after the prosecution had properly placed defendant's criminal record before the court and after defendant had refreshed the trial judge's recollection of their previous courtroom encounters.

We hold that the record does not support defendant's contention that the trial judge based his finding on matters not in evidence, and we affirm the judgment.

Judgment affirmed.

LEIGHTON and SCHWARTZ, JJ., concur.