THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
S. T. REMON, Defendant-Appellant.

First District (4th Division) No. 61980

Opinion filed July 14, 1976.

338

Melvin S. Dick, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Iris E. Sholder, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

After a bench trial in the Circuit Court of Cook County on February 28, 1975, the defendant, S.T. Remon, was found guilty of unlawful use of weapons and failing to possess a State Firearm Owner's Identification Card. He was sentenced to concurrent terms of two years' probation with the first five months to be spent in the House of Corrections.

The issues on appeal are whether the court erred in conducting a bench trial after holding a hearing in aggravation and mitigation when the defendant expressly elected to continue to trial before the same judge, whether intoxication is a defense to an offense which requires a general intent, whether the defendant was properly found guilty of failing to possess a State Firearm Owner's Identification Card, whether there was a valid waiver of the presentence hearing, and whether the sentence was excessive.

Prior to trial a pretrial conference was held by Judge Bosco, including aggravation and mitigation. He then offered to remove himself from the case and assign a new judge to hear the matter if the defendant desired. The defendant's counsel responded that his client wished to have Judge Bosco hear the case, and the case proceeded to trial.

Officer Rooney of the Chicago Police Department testified he investigated an accident at 454 West 39th Street in the City of Chicago involving two cars and a panel truck driven by the defendant. When Officer Rooney asked for his driver's license, he saw the defendant pull

back his coat thus revealing an automatic pistol in his pants. Upon inspection the weapon was found to be loaded. The defendant produced a State Firearm Owner's Identification Card but did not have a city identification card. Officer Rooney testified the defendant appeared to be intoxicated and issued a citation for driving under the influence of alcohol.

The court found the defendant guilty of unlawful use of weapons and failure to possess a State Firearm Owner's Identification Card. The trial judge then alluded to the pretrial hearing, which had been held off the record, and indicated he would conduct another hearing for the purpose of preserving the record. Counsel for the defendant agreed to stipulate to the matters discussed at the earlier hearing.

■■ The defendant first contends he was denied due process of law when the trial judge failed to excuse himself from hearing the case on the merits after conducting a hearing in the nature of a hearing in aggravation and mitigation. The defendant cites cases holding a trial judge may not determine guilt on a private investigation of the facts (*People v. Staples* (1969), 105 Ill. App. 2d 111; *People v. McMiller* (1951), 410 Ill. 338; *People v. Nelson* (1974), 58 Ill. 2d 61; *People v. Burress* (1972), 3 Ill. App. 3d 408), but here there was no allegation that the finding of guilt was based on information determined outside the record. The record does show the finding of guilt was based on the positive and consistent testimony of Officer Rooney, who saw the defendant carrying a loaded automatic weapon. The evidence of the defendant's guilt is clear on the record. There was no allegation of a particular prejudice and we can find none in the record.

In a bench trial it will generally be presumed the trial judge considered only the proper evidence and disregarded that which was inadmissible in forming conclusions. *People v. Harris* (1974), 57 Ill. 2d 228; *People v. Wallenberg* (1962), 24 Ill. 2d 350.

■■ It is also clear on the record the defendant chose to waive his right to have another judge hear his case on the merits after a hearing in aggravation and mitigation was held. At the beginning of the trial the defendant's counsel stated:

"MR. MUSLIN: Mr. Remon, I'm tendering to you a copy of the original waiver of jury. By signing this, you're waiving your right to have a jury hear the case and you're submitting the case before Judge Bosco to hear the case."

The court then replied:

"THE COURT: If he prefers another judge, I have another judge standing by. Give him his choice. I have another judge, fresh, that doesn't know anything about your case; and if you want, I'll have him hear the case."

As a general proposition the defendant cannot assign error to that which he acquiesced in and gave the court no opportunity to correct. *(People v. Jones* (1968), 107 Ill. App. 2d 1; *People v. Sotos* (1962), 26 Ill. 2d 460.) There was no suggestion this court invoke the doctrine of plain error, and we do not believe it would be appropriate to do so.

The defendant next contends the State established a *prima facie* defense of intoxication, which it failed to rebut, when Officer Rooney testified he ticketed the defendant for driving under the influence of alcohol. Voluntary intoxication may be an affirmative defense only if it negates the existence of a specific mental state which is an element of the offense. *People v. Cunningham* (1970), 123 Ill. App. 2d 190; *People v. Hicks* (1966), 35 Ill. 2d 390.

■■ The defendant was charged with unlawful use of weapons in violation of section 24—1(a)(10) of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)), a statute which has been construed as requiring only a general intent. *(People v. Foster* (1961), 32 Ill.App. 2d 462.) In addition, there was no evidence the defendant's intoxication was so extreme as to suspend all reason. *People v. Huggy* (1974), 19 Ill. App. 3d 247; *People v. Broome* (1970), 130 Ill. App. 2d 227.

■■ The defendant next contends he was not proven guilty of failing to have a State Firearm Owner's Identification Card in violation of section 2 of "An Act relating to the acquisition, possession and transfer of firearms * * * " (Ill. Rev. Stat. 1973, ch. 38, par. 83—2). Officer Rooney, the sole witness for the State, testified on direct examination the defendant did, in fact, tender a State Identification Card, but failed to produce a city identification card. The court erred when it found the defendant guilty of the State charge and dismissed the city charge. We will not speculate with respect to how the error came about. The State concedes that a mistake was made. The conviction for failing to possess a State Firearm Owner's Identification Card is reversed.

■■ The defendant argues there was no valid waiver of his right to a pre-sentence hearing required by section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—4—1). The following colloquy between the court and defense counsel clearly establishes a hearing was held prior to the trial and the court would have conducted another one after the finding of guilty had it not been for the stipulation of defense counsel.

"THE COURT: We have already conducted a hearing in aggravation and mitigation; however, that was off the record so to speak. For the purposes of a possible disposition, I'll now—For the sake of the record, unless counsel for the defendant waives it, we'll now conduct a hearing in aggravation and mitigation.

MR. MUSLIN: Your Honor, I think we can make it part of the

permanent record, a stipulation to the fact that the defendant's background is as stated in the pre-trial conference and the fact [is] that the mitigation would be the same."

We hold the court did not commit error when the defense counsel refused a hearing on the record after it was offered by the court.

Finally, the defendant asserts the sentence was excessive. For a conviction of unlawful use of weapons a defendant may be sentenced to either a period of incarceration of less than one year, a probationary period of two years, or incarceration as a condition of probation with said incarceration not to exceed six months. Ill. Rev. Stat. 1973, ch. 38, pars. 1005—6—2, 1005—6—3, 1005—8—3.

■■ Because the defendant chose not to place the hearing in aggravation and mitigation on the record, there is very little in the record upon which we can evaluate his contention. Nevertheless, we believe the circumstances of his arrest in which the weapon was not used in an aggressive manner did not constitute a flagrant violation of the law. Therefore, with respect to the remaining conviction of unlawful use of weapons we affirm the two-year probation, but reduce the time to be spent in the House of Corrections to one month.

For these reasons, the judgment of the Circuit Court is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

JOHNSON, P. J., and BURMAN, J., concur.