(No. 24318.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JACOB ARENDARCZYK, Plaintiff in Error.

*Opinion filed December 22, 1937.*

A. JEFFERSON SCHULTZE, and STEPHEN LEE, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

Jacob Arendarczyk, herein called the defendant, has sued out this writ of error to review a judgment of conviction rendered by the criminal court of Cook county against him on a charge of incest. The trial was had before the court, a jury having been waived, and in the judg-

ment and sentence there is no mention of the specific charge of incest between a father and a daughter. The defendant was found guilty of "incest as charged in the indictment" and sentenced "for the crime of incest in manner and form as charged in the * * * indictment whereof he stands convicted for a term of years not less than one year nor more than twenty years," etc.

The defendant relies on the fact that there is also another crime called incest, namely that between males and females within certain prescribed degrees of consanguinity, which is punishable by a sentence of not less than one year nor more than ten years, (38 S. H. A. 375,) in contending that the judgment was erroneous because it made no mention of the particular charge of incest on which he was tried. (38 S. H. A. 374.) He relies on our holding in *People* v. *Wood,* 318 Ill. 388. We said at page 393: "The term fixed by the section of the Criminal Code relating to the crime of which the prisoner stands convicted is read into every judgment, but it is necessary to state in the judgment the name of the crime, or so describe it that it can be identified by the warden. In the case of incest there are two sections of the Criminal Code describing two different crimes and each fixing a different term of imprisonment. Plaintiff in error stands convicted of cohabiting with his own daughter, and that is the crime that must be described in the judgment so that the punishment fixed for that offense will be taken as a part of the sentence, whether written in the judgment or not." In the case before us the judgment fixed a sentence of one to twenty years which is the penalty fixed by section 156 of the Criminal Code, (38 S.H.A. 374,) and the warden could readily tell which crime of incest the defendant had been charged with and convicted of without further descriptive words in the judgment and sentence.

The defendant contends that his alleged confession was improperly admitted in evidence. His counsel objected to the assistant State's attorney, Papanek, testifying as to

statements made by the defendant, and to the confession itself, on the ground that they were the results of threats and violence. No other witnesses were called although the confession was signed by Long, an assistant State's attorney, and officer LaRoy, as witnesses. The testimony showed other persons were also present before and at the time the confession was signed. The defendant testified the confession was wrung from him by threats and violence. The burden is on the People to show that a confession was made voluntarily, where it is objected to, as here. The evidence should show all the circumstances under which the alleged confession was made. (*People* v. *Cope,* 345 Ill. 278; *People* v. *Basile,* 356 id. 171.) Where there is evidence tending to show the use of violence, threats, torture or promises, all the persons having any authority or control over the person making the confession and charged by the evidence with the use of such means must be called, if practicable, and examined as witnesses before the confession may be admitted. (*People* v. *Rogers,* 303 Ill. 578; *People* v. *Sweeney,* 304 id. 502.) The facts as to what took place at the trial in the case before us are similar to those in *People* v. *Holick,* 337 Ill. 333. There, only one witness testified as to the facts and circumstances surrounding the making of the signed confession, although, as here, other persons were then present, and that witness, like Papanek, could not cover all of the time during which the defendant was questioned or in custody before making the alleged confession. The witness in that case, a police officer, denied the use of threats or violence, just as Papanek did. At page 337 of the *Holick case* we said: "For all that appears this witness was the one who knew the least about what had taken place." We have repeatedly held that a court is warranted in excluding a confession unless the police officers engaged in sweating the accused are called as witnesses, if it is practicable to produce them, and that the court has no right to disregard the testimony of the accused

showing that a confession was forced by threats and physical violence, without a specific denial of the facts to which he testified. *People* v. *Spranger,* 314 Ill. 602; *People* v. *Sweeney,* 304 id. 502; *People* v. *Rogers,* 303 id. 578.

The People rely on *People* v. *McCurrie,* 337 Ill. 290, 296, in support of their contention that the only objection to the trial court's ruling on the admission of the confession was a general one and did not inform the court as to the reasons why objection was raised to the introduction of the confession in evidence. But in the case before us the objection that the confession had been obtained through the use of threats and violence had already been made. The court was informed as to the reasons why defendant's counsel was objecting to the admission of the confession evidence, hence the *McCurrie case* is not in point.

There was not a sufficient showing made in the preliminary hearing on the question of the admissibility of this confession and the court erred in receiving it in evidence. (*People* v. *Cope, supra; People* v. *Holick, supra.*) The rules as to admissibility of evidence are the same whether the trial be had by the court with or without a jury. There was evidence, contrary to the defendant's contention, which tended to establish the *corpus delicti* independent of the alleged confession. If the confession had been properly admitted in evidence, it could also have been used to establish the *corpus delicti.* (*People* v. *Hauck,* 362 Ill. 266.) In that case we held that the well established rule is that, although a defendant's confession, standing alone, is insufficient to sustain a conviction if the *corpus delicti* is not otherwise proved, yet this does not mean that the *corpus delicti* must be proved by the other evidence beyond a reasonable doubt.

Two other questions remain that may arise on another trial of this case. One is the propriety of permitting the witness Raymond F. Hedin, (who was licensed to practice medicine in Minnesota and Wisconsin but not in Illinois,)

to testify that the condition which he found could have been the result of sexual intercourse. He further testified that this condition could also have been caused by a fall or by some other means. The defendant relies on our holding in *People* v. *Schultz,* 260 Ill. 35, but in *People* v. *O'Connor,* 295 Ill. 198, 203, we distinguished the holding in the *Schultz case* and held that it was proper to permit the doctor testifying in the *O'Connor case* to state that in his opinion the injuries he found could have been the result of sexual intercourse. In the *Schultz case* the doctor gave it as his opinion that the condition he found was caused by rape.

The other question is whether the ability to consent to sexual intercourse, and an actual consent, is necessary before a defendant may be guilty of incest. It is insisted that a child of two years could not cohabit, as that term is ordinarily understood, and that in any event, incest cannot be proved by a showing that there was but one act of intercourse accomplished by force. We held contrary to these contentions in *David* v. *People,* 204 Ill. 479, 486.

The judgment of the criminal court of Cook county is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*