(No. 24815.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES ICKES *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1939.*

GEORGE M. CRANE, for plaintiffs in error.

JOHN E. CASSIDY, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, and BLAIR L. VARNES, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Charles Ickes and Thomas Rix were jointly indicted in the criminal court of Cook county for robbery with a dangerous weapon and receiving stolen property. Another

count charged robbery with a dangerous weapon against both, including a former conviction against Charles Ickes on the count of grand larceny. The jury found Ickes guilty of robbery while armed, with a former conviction, and found Rix guilty of receiving stolen property.

The robbery took place on December 23, 1937, at about 9:40 A. M. at 4815 North Damen avenue, Chicago, Illinois. Mrs. Mabel Griner was employed in the store at this location and two men drove up in a car, forced her into a vault, took $166 in money and a large number of ladies' dresses. One of the men had a pistol in his hand. She testified that she saw both of the men and the hands and arms of both of the men and neither was crippled. The significance of this lies in the fact that Rix is a one-armed man.

Both of these defendants had resided in Cook county up to about December 14 or 15. It is claimed they then moved to Carthage, Mississippi, where they leased a store with an oil station in connection therewith. They were arrested together on January 2, 1938, by an officer in Waverly, Tennessee, in a living room behind a store. In this room there were a number of ladies' dresses. The officers removed some of the tags from the dresses, which tags were identified upon the trial by Mrs. Griner as being on the clothes taken at the time of the robbery; fifty-six of the dresses recovered from this place were identified as having been in the store on the day of the robbery. Ickes claims he left these dresses at the room in Waverly, Tennessee, and went to Carthage, Mississippi, and later returned with Rix, without the latter having any knowledge of the robbery. Ickes also claims he drove alone to Chicago in Rix' car, and committed the robbery with the assistance of another man.

Plaintiff in error Rix claims the evidence does not show he had anything to do with the robbery or the receiving of stolen goods, and that he was attending to his business at Carthage, Mississippi, from December 21 to and including

December 24. This alibi is testified to by four witnesses in addition to his wife. There is no testimony of any witness that Rix was in Chicago at the time of the robbery, except as contained in admissions and an alleged confession, but it is not claimed he admitted he participated in the robbery itself.

It is claimed that both Ickes and Rix made confessions to officers at police headquarters in Memphis, Tennessee, where they were taken after their arrest. Both defendants denied making voluntary confessions. In the preliminary examination by the court, out of the presence of the jury, only one of the Memphis officers to whom the alleged confession was made was present in court. Three other officers who heard the alleged confessions were not produced at the trial. Rix and Ickes both testified in this hearing that the alleged confessions were signed after they had been brutally treated by the police officers and to avoid further punishment.

Two Chicago officers testified that Ickes and Rix, in the presence of the Memphis officer, admitted they (the prisoners) had made the statements in the written confessions but they also say Rix denied participation in the robbery and quote Ickes as saying: "We took the car with the dresses to Diversey and Clark, put the car in the alley, got some paper boxes and packed the dresses in the paper boxes. We then proceeded to the house of my brother-in-law, Thomas Rix." The officer said, "I asked him if Thomas Rix was along and he said no, he used his [Rix'] car. Ickes said that after he left Chicago he went to Carthage, Mississippi." The Tennessee officer testified: "I said, 'Didn't you loan them your car for a robbery?' He said, 'yes.' He said that Charlie Ickes visited his home on the morning of the twenty-third and said, 'Let's go. I've got a good job.' He [Rix] said, 'No, I will not go along on the robbery.'" This officer, who arrested them at Waverly, Tennessee, says the defendants said they had brought the goods from Mississippi to Waverly and were then on their

way to Chicago, and that, "Rix said on December 23 Ickes wanted his car and he let him have it and he seemed in a hurry to get away; that on this day Ickes returned about 1:00 o'clock in the afternoon and seemed to be in a hurry to get started from Chicago to Carthage and that they left Chicago for Carthage, and that he knew a robbery had been committed in Chicago on December 23." Aside from these conversations and the alleged confessions, there is no evidence that Rix was in Chicago on December 23, or participated in the robbery or received stolen property, except that he was found with Ickes in a room in Waverly, Tennessee, when the stolen goods were located.

Mrs. Griner, in charge of the store, identified Ickes as being one of the robbers but does not identify Rix. Ickes admits that he committed the robbery but claims that he was not armed at the time, but only had an imitation weapon in his hand. It is unnecessary to further consider the case with respect to Ickes, as an eye-witness testified to his having a pistol in his hand and the finding of the jury in this regard is conclusive.

With respect to Rix the evidence is not satisfactory. Four witnesses testified he was in Carthage, Mississippi, on the day the robbery was committed. One of them was the attendant at the filling station, whose uncle had sold it to Ickes and Rix on December 20, 1937, and this witness worked continuously from 8:00 A. M. until 10:00 P. M. every day between December 20 and December 26, and testified positively that he saw Rix in Carthage, Mississippi, on December 21, 22, 23, and 24. He is corroborated by other witnesses and there is nothing in the record to discredit their testimony. The defendant in error seeks to impugn the veracity of these witnesses because they were brought to attend the trial by the wife of Rix. We cannot subscribe to the theory that because the wife or relatives of a man accused of crime bring to court witnesses in his defense, they thereby become unworthy of belief. The State's attor-

ney was in doubt as to Rix' participation in the robbery because, finally, he announced to the court that he would elect to try Rix for receiving stolen property. As pointed out above, the only proof in the record that Rix was a receiver of the stolen goods in Cook county, Illinois, consisted of admissions and of the alleged confessions.

For a confession to be received in evidence the burden is upon the People to show that it is voluntary, (*People* v. *Frugoli,* 334 Ill. 324,) and where it is denied, all of the witnesses who participated in the hearing or in the procuring of it should be produced if practicable. (*People* v. *Arendarcsk,* 367 Ill. 534.) The alleged confessions were in the form of written questions which, to a large extent, incorporated facts surrounding the robbery to which, in most instances, a short answer is given admitting the facts set out in the question. The exhibit has the appearance of having been prepared in advance for answer by the defendants. The circumstances and detail of the treatment received by these two men in jail, as testified by them, require that the voluntary character of the answers should have been supported, if practicable, by all persons present who heard or participated in the questioning. The proof of actual absence from the place of the crime, by the alibi witnesses, contrary to statements contained in the alleged confessions, requires this.

We do not think the People sustained the burden of proving the alleged confessions were voluntary as required by law. Even assuming that these statements were voluntary, the evidence is insufficient to show, beyond reasonable doubt, that Rix either participated in the robbery or received the goods knowing them to be stolen. There is positive testimony that Rix was in Carthage, Mississippi, on the day the robbery was committed. If he was in possession of the stolen goods, it was at Waverly, Tennessee, which raises a serious question of venue, unless it is shown he aided or participated in transporting them there from Illinois.

The theory of the People that Rix was an accessory before the fact to larceny by robbery, is not established. We do not believe the evidence shows the guilt of Thomas Rix beyond a reasonable doubt.

The judgment of the criminal court is affirmed as to Charles Ickes, and is reversed and the cause remanded for a new trial as to Thomas Rix.

*Judgment affirmed as to Ickes.*
*Reversed and remanded, as to Rix.*