(No. 29653.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH JACOB KRAUS, Plaintiff in Error.

*Opinion filed November 20, 1946.*

A. JEFFERSON SCHULTZE, of Chicago, for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, JOSEPH A. POPE, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

On a trial in the criminal court of Cook county without a jury plaintiff in error was found guilty of the "crime against nature." After an application for probation and motions for a new trial and in arrest of judgment were denied, a judgment was entered committing plaintiff in error to the penitentiary for a term of years of not less than five nor more than seven. A writ of error has been sued out of this court to review the record of his conviction. The errors relied on for reversal are that the court improperly admitted a confession in evidence and permitted the People to prove the commission of other offenses.

Plaintiff in error, who was 48 years of age, had known Curtis McDowell, a boy of 13 years of age, and his parents for several years prior to the time in question. On August 5, 1945, he was visiting at their home and shortly after noon he and the McDowell boy left in plaintiff in error's automobile. Later in the afternoon Steve L. Weber, a police officer in the village of Skokie, saw the automobile parked on a public highway and on investigation found plaintiff in error and the boy in the back seat. Plaintiff in error denied the commission of any wrongful act and claimed he had stopped to repair a mechanical defect in the automobile but the boy told the officer what plaintiff in error was doing. The depravity of the acts described forbids their detail here. Both went to the police station with the officer, and there, in the presence of Weber and W. C. Griffin, captain of police, plaintiff in error confessed his guilt, and the statement in question was signed by plaintiff in error in the presence of the two officers. On the trial officer Weber testified on direct examination to the circumstances under which the confession had been made and identified the signatures thereon. On cross-examination, he denied that there was any striking or beating

of plaintiff in error, but admitted that on one occasion he "pushed him." The captain of police did not testify nor was his absence explained.

Plaintiff in error testified that he was first taken into the office of the police station in the afternoon, that Weber struck him repeatedly across the face with his hand and that one blow dislodged a tooth. He further stated that after the occurrence in the afternoon he was taken downstairs and placed in a cell, that sometime during the night while he was half dizzy and half asleep, they took him from the cell to the office and that he answered all questions asked him, as he says, "to get away from the punishment. Then they asked me to sign a statement and I really did not read it over. * * * I was afraid they might hit me again."

In the presentation of his objection to the introduction of the confession in evidence, plaintiff in error contends the court should not have admitted it without hearing the evidence of Captain Griffin who was present when the confession was made, and secondly, that the evidence does not show it was voluntarily made.

When an objection is made to the introduction of a confession on the ground that it was not voluntarily made, the burden of making such proof rests on the People. (*People* v. *Arendarczyk,* 367 Ill. 534.) In this case the People in making their case in chief introduced the evidence of officer Weber showing the circumstances surrounding the making of the confession. It established a *prima facie* case for its admission. The written confession was offered, but on objection the court withheld a ruling to give plaintiff in error an opportunity to present his evidence. After he had completed his evidence in chief without covering the circumstances under which the confession had been made, the court ruled that the confession be admitted in evidence. Thereafter, plaintiff in error was given

an opportunity to testify to his version of the making of the confession. However, the court did not change its ruling.

It is contended on behalf of the People that this irregularity in the introduction of evidence prevents plaintiff in error from questioning the admissibility of the confession. The order of proof on such a hearing is largely in the discretion of the trial court, (*People* v. *Fox,* 319 Ill. 606,) and it cannot be said in this case that there was an abuse of discretion.

The rule is that a confession objected to because involuntarily made is not admissible in evidence, unless shown to have been obtained without the use of violence, threats, intimidations or promises. It has been held in several cases that full observance of this rule requires that all persons present at the time the confession is made shall be called as witnesses so that the court may have all the facts and circumstances surrounding the making of the confession. (*People* v. *Arendarczyk,* 367 Ill. 534; *People* v. *Cope,* 345 Ill. 278; *People* v. *Sweeney,* 304 Ill. 502; *People* v. *Rogers,* 303 Ill. 578.) There should have been a compliance with the rule before the confession was admitted in evidence, and Captain Griffin should have been called as a witness or his absence satisfactorily explained before the contents of the written statement would be considered as evidence. However, the error in admitting it is not ground for reversal in this case. The evidence of officer Weber as to what plaintiff in error and the boy were doing in the back seat of the automobile when he approached it and the testimony of the McDowell boy clearly established the *corpus delicti.* The competent evidence leaves no doubt as to plaintiff in error's guilt. Under such circumstances the admission of the confession in evidence is not ground for reversal. *People* v. *Cleminson,* 250 Ill. 135; *Wistrand* v. *People,* 218 Ill. 323.

On direct examination of the McDowell boy, he was asked by the assistant State's Attorney as to whether plaintiff in error had committed acts like the one on August 5 on any other occasion. He answered that they had occurred several times covering a period of a year. Plaintiff in error objected to such evidence.

The general rule is that proof of other acts is inadmissible unless they are a part of the *res gestae.* But an exception, as well established as the rule, is, that in the trial of a defendant for the commission of a crime involving sex relations, evidence of prior offenses between the defendant and the complaining witness is admissible for the purpose of showing the relation of the parties and to corroborate the testimony of the complaining witness concerning the particular act. It has been held proper to introduce evidence of other offenses between the same parties where the crime charged was adultery, (*Crane* v. *People,* 168 Ill. 395,) incest, (*People* v. *Turner,* 260 Ill. 84,) and rape. (*People* v. *Gray,* 251 Ill. 431.) On principle there can be no distinction in the application of the rule between a prosecution for any of the crimes enumerated and the offense for which plaintiff in error was convicted. The evidence of the McDowell boy as to other acts of plaintiff in error was positive and not subject to the criticism made that it created nothing more than a suspicion or an insinuation that such prior offenses had been committed. The evidence of Curtis McDowell as to other illicit acts was admissible, not for the purpose of showing an offense other than the one charged, but to show the relation and familiarity that existed between plaintiff in error and the boy.

Plaintiff in error had a fair trial and his guilt was established beyond a reasonable doubt. The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*