THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ARTHUR SAMMONS, Plaintiff in Error.

*Opinion filed September 24, 1959.*

F. Vern Lahart, of Chicago, for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach and William H. South, Assistant Attorneys General, and Francis X. Riley and John T. Gallagher, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Arthur Sammons was tried by jury in the criminal court of Cook County and convicted of the crime of murder. A writ of error has been issued by this court to review the judgment of conviction.

The principal assignment of error is that the defendant's confession which was introduced in evidence at the trial was induced by police brutality and a promise of leniency. It is also contended that the trial court erroneously permitted the State to introduce evidence that defendant had taken a lie-detector test.

At the trial a hearing was held outside the presence of the jury to determine whether defendant's confession was involuntary. Defendant testified that following his arrest he was held at one police station for 3 or 4 hours but was not questioned on the murder charge. Thereafter, he was taken to another station where he was held for several hours without questioning and then taken back to the first station. The following morning he was questioned briefly on the murder charge and was not questioned again until that evening when he was given a lie-detector test. Defendant testified that he took two tests and one of the examiners told him that he had lied about everything. Defendant then told the examiner that he was involved in a larceny case but that he knew nothing about the murder charge. The examiner told him that he should tell the police whatever they

wanted to know, since it would help defendant in his larceny case. Defendant was then returned to the police station where he was again questioned on the murder charge. Two police officers, an assistant State's Attorney and a court reporter were present during the questioning. Defendant testified that one of the officers beat him and that as a result of this beating he confessed to the crime of murder and signed a written statement. Defendant's photograph which had been taken at the county jail after this interrogation and which purportedly shows evidence of bruises on defendant's face was introduced in evidence at the hearing.

Officer Younger testified that at the time of the questioning, his partner, officer Parker, assistant State's Attorney Armstrong, and a court reporter were present. According to Younger, Armstrong asked the questions which defendant answered, the statement being taken down in shorthand by the court reporter. Officer Younger denied striking defendant and testified that no one else struck the defendant at any time in his presence. Officer Parker testified that he was present at the time the lie-detector test was given and the examiner tried to impress upon defendant that it would be wiser for him to tell the truth. According to Parker, the defendant denied all knowledge of the murder until this statement was made but, after being told this, defendant admitted being involved in the murder. The admission at the time of the lie-detector test was not reduced to writing, and immediately after the test defendant was taken back to the station where he was questioned by the assistant State's Attorney and the written confession was obtained. Parker testified that he was present at the time the written statement was obtained and that no one hit defendant at that time. The court reporter merely testified that the typewritten statement was an accurate transcript of his shorthand notes. In the written statement, defendant said that he had been told by the lie-detector man that he should "tell the things just the way they were" and that he

"might get a break." Assistant State's Attorney Armstrong did not testify at the hearing.

It has long been the rule in this State that where a defendant contends that a confession was involuntary, the burden is on the State to prove by the preponderance of the evidence that the confession is voluntary. (*People* v. *Wagoner,* 8 Ill.2d 188; *People* v. *Thomlison,* 400 Ill. 555.) It is also well established that a confession is involuntary and inadmissible if obtained by force and brutality or by promises of leniency. (*People* v. *Sloss,* 412 Ill. 61; *People* v. *Campbell,* 359 Ill. 286; *People* v. *Heide,* 302 Ill. 624.) Where there is any evidence of improper conduct in obtaining a confession, the State is required, if feasible, to produce all of the persons connected with the taking of the confession and show all of the circumstances surrounding such confession. (*People* v. *Wagoner,* 8 Ill.2d 188; *People* v. *Ickes,* 370 Ill. 486.) If the State fails to produce all the available witnesses, it is the duty of the trial judge to exclude the confession. *People* v. *Wagoner,* 8 Ill.2d 188; *People* v. *Rogers,* 303 Ill. 578.

In the present case the undisputed evidence is that assistant State's Attorney Armstrong was present at the time defendant was questioned and at the time defendant alleged that he was beaten by the police officer. Armstrong did not testify at the trial and the State offered no explanation for his failure to testify. Similarly, the court reporter, who was likewise present at that time, testified at the hearing only as to the accuracy of the statement and did not testify on the question of police brutality. The evidence also showed that when defendant was given the lie-detector test, at which time a promise of leniency was allegedly made, there were two polygram examiners present. However, neither of these examiners testified at the hearing.

In our opinion, the State failed to meet the burden of proving the voluntary nature of the confession by a preponderance of the evidence by reason of the failure on the

part of the State to call as witnesses all of the persons who were present at the time the confession was made, and at the time of the alleged promise of leniency and the alleged police brutality. The trial judge therefore erred in ruling that the confession was admissible. Because of this error, the judgment of conviction must be reversed and the cause must be remanded for a new trial.

Defendant also assigns as error the fact that the trial court permitted testimony showing that defendant had taken a lie-detector test. The record of the trial does indicate, on both direct and cross-examination of the People's witnesses, that defendant talked to lie-detector men, and was taken to the crime laboratory for a lie-detector test. Defendant elicited from Walter Gehr that he asked Sammons questions and received answers, and Gehr identified himself as a polygram technician. Defendant asserts that all of this persuaded the jury that Sammons took a lie-detector test, flunked it, and thereby prejudiced the jury against him.

The identification of a witness as a polygram technician or examiner is not error, in and of itself. (*People* v. *Flowers,* 14 Ill.2d 406.) It is not contended, nor does it appear that either confession was given in preparation for, obtained during or induced by the lie-detector tests. The conduct and the results of the tests were not shown in evidence, and the voluntary or involuntary nature of the submission to the tests was not raised. The record merely indicates that the defendant went to the crime laboratory for a lie test, and that he talked to a lie-detector examiner. This appears from evidence elicited by both the People and the defendant. No presumption as to the results of the tests is raised by this record.

For the reasons indicated herein, the judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*