(No. 35303.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY DALE, Plaintiff in Error.

*Opinion filed Sept. 29, 1960.—Rehearing denied Nov. 30, 1960.*

BRISTOW and HERSHEY, JJ., dissenting.

EDGAR D. BALLARD, JR., of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of

Chicago, (Fred G. Leach and Jim D. Keehner, Assistant Attorneys General, and Francis X. Riley and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

Anthony Dale was convicted of robbery and was sentenced by the criminal court of Cook County to the penitentiary for a term of not less than five nor more than eight years. Defendant prosecutes this writ of error for a review of the proceedings.

A principal assignment of error is that the defendant's confession was erroneously admitted in evidence at the trial because there was evidence that the confession had been coerced from him and the People failed to produce and question all persons connected with the taking of the confession. This court on numerous occasions has held that where there is evidence that a confession has been extorted from an accused, the prosecution must, if feasible, produce all persons connected with taking the confession in order to ascertain whether it was voluntary. (*People* v. *Sammons*, 17 Ill.2d 316; *People* v. *Wagoner*, 8 Ill.2d 188; *People* v. *Rogers*, 303 Ill. 578.) However, as was pointed out in *People* v. *Jennings*, 11 Ill.2d 610, it is not a mechanical rule but a practical one, designed to assist the court in determining whether the confession was voluntary. It was there held that each material witness, on the issue of the voluntary nature of the confession, must be produced or his absence explained. The question is whether the requirement was satisfied here.

The defendant testified that he was beaten by police officers, Harte and Mulvey, until he agreed to sign a confession. Harte testified that neither he nor Mulvey beat Dale. Mulvey was not called as a witness. The People assert that he did not testify because he was in another court-

room in another building. This falls short of a showing that it was not possible or feasible to produce Mulvey, and is clearly a failure to comply with the rule that every material witness on the question of the voluntary nature of the confession must be produced or his absence explained. (See *People* v. *Jennings,* 11 Ill.2d 610.) Mulvey is certainly a material witness since he is one of the two officers who allegedly coerced the confession.

The People point out that Dale made an oral confession before he signed the written confession which was introduced at the trial without objection. It is argued that this confession is controlling. There appears to be but a single confession here. Dale made an oral statement which was almost contemporaneously reduced to writing and signed by him. The objection to the introduction of the written confession properly raised the issue of whether the confession was voluntary.

It is finally argued that the trial court in his finding of guilty did not rely upon the confession. A confession is evidence of a highly convincing nature, and it could have easily influenced the trial court's finding of guilty.

The judgment of the criminal court of Cook County is reversed and the cause is remanded to that court for a new trial.

*Reversed and remanded.*

Mr. JUSTICE BRISTOW, dissenting:

The majority opinion reverses this case and remands it for a new trial on the ground that a material witness was not called to rebut defendant's claim that the confession admitted in evidence against him was coerced. Because it turns what is supposedly a practical test, "one designed to assist the court in determining whether or not the confession was voluntary," (*People* v. *Jennings,* 11 Ill.2d 610), into an inflexible rule, and because it virtually nullifies the exception which excuses the presence of witnesses when

it is not possible or feasible for them to testify, I cannot join that opinion.

The complaining witness, Carlos Martinez, testified that Anthony Dale and an unidentified companion beat and robbed him in the early morning hours of April 5, 1957. The defendant was captured after fleeing the scene and questioned at the station by police officers Harte and Mulvey. Some forty minutes later defendant confessed the robbery, although he claimed that he was only a "lookout" for two other men named Pete and Ralph.

Dale did not put the People on notice that he would challenge the voluntariness of his confession by requesting a pretrial hearing on that issue. Instead, he waited until after Harte testified on direct examination that he had admitted, first in an oral statement, and then in a signed confession, that he had participated in the robbery. When the People subsequently sought to introduce the written confession in evidence the following occurred:

"THE COURT: Any objection? Is there any objection?

MR. STEIN (defendant's attorney): Yes, your Honor.

THE COURT: What is the basis of your objection?

MR. STEIN: We would show that the statement was coerced.

THE COURT: You haven't shown it so far.

MR. STEIN: I don't see how I can in the State's case.

THE COURT: Then it goes in subject to your proof it was obtained by force or promise. The objection is overruled. People's Exhibit 1 is admitted into evidence."

Testifying in his own behalf, Dale denied participating in the robbery and claimed that after he arrived at the station Harte and Mulvey took him into a side room where he was beaten until he agreed to sign the statement.

In rebuttal, Harte denied Dale's specific allegations of brutality on the part of both Mulvey and himself. After this testimony, the case was concluded without any further reference to the admission of the confession.

The trouble with the court's opinion is that it not only applies the rule to reverse a case where the facts show a sufficient compliance, but it also ignores established precedent for not applying the rule at all.

The confession was admitted in evidence subject to defendant's objection that it had been coerced. Specific allegations of coercion were met by specific denials by Harte who testified that neither he nor Mulvey, the only officers accused by defendant, beat Dale, and who also testified, on cross-examination, that Mulvey was "in another courtroom this morning in another building." At no time after Harte's testimony did defendant request the court to rule out the confession on the ground that Mulvey had not testified. He made no motion to strike the evidence as incompetent after it had been received subject to his objection. The record is convincing that the explanation of Mulvey's absence was accepted by all parties and I can not, therefore, accept the court's conclusion that "this falls short of a showing that it was not possible or feasible to produce Mulvey, and is clearly a failure to comply with the rule."

The majority opinion also ignores our rule, that in a bench trial it will be presumed the trial court rested its finding of guilty upon the competent evidence and ignored that which is incompetent. (*People* v. *Grabowski,* 12 Ill.2d 462; *People* v. *Grodkiewicz,* 16 Ill.2d 192.) Here we have more than the presumption. The trial judge expressly found that Dale was not telling the truth, that the complainant, Martinez, "was a good witness and I followed him very carefully. Everything indicates you were there and participated. I don't know whether there were two or three people. *I would be inclined to think there were only two people and you were one of the two.*" This finding corresponds with the testimony of Martinez, not the story told by the defendant in his confession, and belies the majority's conclusion that the confession "could have easily influenced the trial

court's finding of guilty." Even if it be assumed, therefore, that the confession was erroneously admitted, it does not follow that the conviction must be reversed.

To reach the result the majority does require the over-ruling of a case that is controlling here. In *People* v. *Kraus,* 395 Ill. 233, the defendant was convicted of a crime against nature and sentenced to a term of five to seven years in the penitentiary. As in the present case, a confession taken by two police officers was admitted into evidence after one officer testified on direct examination concerning the cir-cumstances surrounding the procurement of the confession, and testified on cross-examination that no brutality was practiced. And like the present case, the confession was admitted subject to proof that it had been coerced. Kraus testified that police brutality forced his confession, but the trial court did not change its ruling.

The conviction in *Kraus* was affirmed even though the court recognized that the rule requiring the testimony of all officers had been violated. We held that the competent evi-dence, including the testimony of the complainant, clearly established the *corpus delicti* and left no doubt of the de-fendant's guilt. Here the testimony of Martinez, upon which the trial judge indicated he relied, amply proves defendant's guilt.

I can not find that the rule of *Kraus* has ever been questioned by this court in later opinions. The most we have ever held is that a conviction containing the defect assumed by the court should be reversed where, in the absence of a confession, there is little, if any, evidence con-necting the defendant with the crime, (*People* v. *Sloss,* 412 Ill. 61,) or where the case is very close on the facts. (*People* v. *Davis,* 399 Ill. 265.) Clearly, that is not the state of this record. I do not understand, therefore, why the majority ignores the precedent of *Kraus,* and, by its opinion here, impliedly overrules it.

To reverse the conviction of Anthony Dale, the court

538

has exalted a *dictum* first announced in an opinion which went to great lengths to excoriate police practices of an era which confirmed "a pre-conceived opinion of this court, or at least of several members thereof, that it has been the practice of the Chicago police in a number of cases to extort confessions." (*People* v. *Rogers,* 303 Ill. 578). In so doing, the court forgets the principle recently set forth by Justice Frankfurter that "it is imperative that generalizations, based on and qualified by the concrete situations that gave rise to them, must not be applied out of context in disregard of variant controlling facts." *Gomillion* v. *Lightfoot,* (U.S.), 5 L. ed.2d 110, 29 U.S. Law Week 4024.

If the rule applied by the majority commands the reversal of this conviction, then I have grave doubts as to the wisdom and continuing validity of the rule. I dissent.

Mr. JUSTICE HERSHEY joins in this dissent.