(No. 35519.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE SIMS, Plaintiff in Error.

*Opinion filed March 29, 1961.—Rehearing denied Sept. 20, 1961.*

House, Bristow and Klingbiel, JJ., specially concurring.

Julius Lucius Echeles, and Barry Goodman, both of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

Defendant was convicted of murder and sentenced to the penitentiary for a term of 199 years. He assigns as error the admission into evidence of a confession which he claims was not voluntarily given.

Defendant confessed after having been held in custody by the police for approximately 19 hours. It is not clear whether his contention that his confession was involuntary is based primarily upon alleged specific acts of coercion or upon the theory that the questioning to which he was subjected during the period of detention was of itself sufficiently coercive as to render his confession involuntary. The testimony at the hearing on defendant's motion to suppress the confession shows that, although there were frequent periods of questioning, these were interspersed with rest periods, and there is nothing to indicate that the interrogation of defendant was sufficiently prolonged or intensive to compel the exclusion of his confession. In this respect, the facts shown by the present record fall far short of the situation presented in *People* v. *Vinci,* 295 Ill. 419, and *People* v. *Goldblatt,* 383 Ill. 176.

The specific coercive acts alleged by defendant are limited to a relatively short span of time. Defendant testified that, at one stage in the questioning period, a sergeant Flanagan told defendant he was tired of fooling around on this case and hit him across the face and in the stomach and across the back of his neck. At the time this is alleged to have occurred no one else was present. Then, according to defendant's charges a lieutenant Noonan entered the room, told the defendant that he was sure he could not take the punishment, and urged him to confess. The officers involved took the stand and denied these charges. Defendant testified that he was advised by an unidentified officer that, if he did not cooperate, his wife would be implicated. on some other charge. Since defendant was separated from his wife the likelihood that this threat was an effective factor in inducing his confession is remote. The foregoing evidence of coercive acts given only by the defendant is the only evidence of that nature in the record.

Six police officers testified at the hearing on the voluntary nature of the confession. Defendant urges that there

were other officers, whom, with one exception, he does not name, involved in the interrogation of defendant who should have been called, and that the State's failure to call them rendered the confession inadmissible.

The recent case of *People* v. *Dale*, 20 Ill.2d 532, is the latest application by this court of the rule that a confession objected to as involuntary should not be admitted unless each material witness on the issue is either produced or his absence explained. The persons required to be called as witnesses have been variously described as "all the police department men engaged or present at the sweating" (*People* v. *Spranger*, 314 Ill. 602, 610; *People* v. *Sweeney*, 304 Ill. 502, 513); "all the persons who had control over the defendant and are allegedly involved in the use of coercion" (*People* v. *LaCoco*, 406 Ill. 303, 311; *People* v. *Cope*, 345 Ill. 278, 283); "all persons present at the time the confession is made" (*People* v. *Kraus*, 395 Ill. 233, 236); "all the persons having any authority or control over the defendant" (*People* v. *Wagoner*, 8 Ill.2d 188, 197); "every police officer and every other person connected with taking" the confession (*People* v. *Jennings*, 11 Ill.2d 610; *People* v. *Sloss*, 412 Ill. 61, 71); and "all of the persons who were present at the time the confession was made, and at the time of the alleged promise of leniency and the alleged police brutality." (*People* v. *Sammons*, 17 Ill.2d 316, 320.) Throughout these variations in phraseology there runs the dominant theme that, when the voluntary character of a confession has been timely and properly put in issue, all witnesses whose testimony is material to that issue should be called or their absence explained. Despite the fact that the argument has not always been stated in identical terms, the decisions are found to be in harmony when the facts of each case are examined.

That the real basis for the requirement that certain witnesses be called is the materiality of their testimony on

the issue of the voluntary nature of the confession is shown by our most recent decision involving the problem, *People v. Dale,* 20 Ill.2d 532, at page 533, where we said: "This court on numerous occasions has held that where there is evidence that a confession has been extorted from an accused, the prosecution must, if feasible, produce all persons connected with taking the confession in order to ascertain whether it was voluntary. (*People v. Sammons,* 17 Ill.2d 316; *People v. Wagoner,* 8 Ill.2d 188; *People v. Rogers,* 303 Ill. 578.) However, as was pointed out in *People v. Jennings,* 11 Ill.2d 610, it is not a mechanical rule but a practical one, designed to assist the court in determining whether the confession was voluntary. It was there held that *each material witness, on the issue of the voluntary nature of the confession,* must be produced or his absence explained. The question is whether the requirement was satisfied here." (Emphasis supplied.) Applying the test of materiality, we held in the *Dale case* (p. 534) that a confession was erroneously admitted where one of the two police officers who had allegedly beaten the defendant was not called, stating that this officer was "certainly a material witness since he is the one of the two officers who allegedly coerced the confession."

In *People v. Sammons,* 17 Ill.2d 316, the claim that the confession was involuntary was based upon defendant's allegations (1) that he was beaten by a police officer and (2) that a promise of leniency was made by an examiner at a lie-detector test. Both an assistant State's Attorney and a court reporter were present at the time of the alleged beating. The assistant State's Attorney did not testify and no explanation was offered for the failure to call him. The court reporter testified only as to the accuracy of the statement he had reported and not on the question of the alleged police brutality. At the time the promise of leniency was allegedly made, there were present two polygraph opera-

tors, neither of whom testified. Obviously all four of these persons were material witnesses on the question of the voluntary nature of the confession, and we held that failure to call them or explain their absence rendered the confession inadmissible.

In *People* v. *Wagoner*, 8 Ill.2d 188, the real basis for the reversal was the complete failure of the trial court to hold any preliminary hearing out of the presence of the jury to determine the admissibility of the confession. Although the opinion reiterated the rule requiring the production of certain witnesses, it does not appear just who the witnesses were or the materiality of their testimony.

In *People* v. *Sloss*, 412 Ill. 61, several officers who were present throughout the questioning and the alleged beating of the defendant were not called. Also not testifying was an assistant State's Attorney to whom the defendant had allegedly complained concerning the tactics of the police. Here again, these were all material witnesses on the issue of the voluntary nature of the confession, and we reversed, holding that the confession was improperly admitted. In *People* v. *Davis*, 399 Ill. 265, all the officers implicated in the alleged coercion were not called, and those who testified did not specifically deny the alleged acts of mistreatment. In *People* v. *Arendarczyk*, 367 Ill. 534, the State called only one witness, despite the fact that others were present at the time of the alleged coercion. Moreover, the testimony of the one who took the stand did not cover the entire period of time involved. In *People* v. *Holick*, 337 Ill. 333, the defendant claimed that his confession was involuntary, because he was constantly grilled over an extended period of time while he was sick and in a weakened condition, and was subjected to threats and physical violence. The prosecution produced only one police officer, whose testimony covered only about $\frac{1}{10}$ of the period involved and who did not specifically deny the facts alleged by the defendant. In *People* v. *Spranger*, 314 Ill. 602, one of the police officers

present at the time of the alleged threats was not called, and in *People* v. *Sweeney,* 304 Ill. 502, there was a failure to call some officers who were charged with brutality or who were present at the time of the alleged brutality.

An examination of the foregoing cases reveals that each of them involved a failure to produce one or more witnesses whose testimony would have been material to the issue of the voluntary nature of the confession. For this reason, in each case, the confession was held to have been improperly admitted in evidence.

Conversely, we have affirmed convictions in cases where a confession was admitted despite the failure of the State to call certain persons, where the persons in question were not material witnesses on the issue of the voluntary nature of the confession. Thus, in *People* v. *Jennings,* 11 Ill.2d 610, we held that the trial court had not erred in admitting a confession despite the failure to call several persons who had been present at various stages of the process which resulted in the confession, stating that "every person who could reasonably be considered a material witness on the question of the voluntary nature of the confession was produced and testified." (11 Ill.2d 610, 618.) In *People* v. *Gavurnik,* 2 Ill.2d 190, we indicated that it was unnecessary to call certain police officers who were present in the police station at the time of the questioning, but who did not participate. In *People* v. *Scott,* 401 Ill. 80, although reversing the conviction on other grounds, we held that it was not error to admit an allegedly involuntary confession. Since the State's Attorney, who had conducted the questioning of the accused and had taken his confession, was not called as a witness, the decision appears superficially to be in conflict with the rule as stated in some of the other decisions. However, measured by the standard of materiality and considered in the light of its particular facts, the holding in the *Scott case* is in accord with our other decisions. The claim of the defendant was that his confession

was induced by promises of leniency. The promises were allegedly made, not by the State's Attorney, but by the sheriff and his deputy at a time when the State's Attorney was not present. There was no claim of improper inducement by the State's Attorney or in his presence. Under these circumstances, the State's Attorney was not a material witness on the issue of the voluntary nature of the confession and it was not error to admit the confession even though he had not been called.

The principle that emerges clearly from all these cases is that the persons who must be called as witnesses or whose absence must be explained are those persons whose testimony would be material on the issue of the voluntary nature of the confession. It is in the light of this principle that defendant's contention must be examined.

The record shows that six police officers testified at the hearing on the motion to suppress the confession. Although defendant claims at least 18 officers of various rank were involved in the interrogation of the defendant at some time or another from the time of his arrest until he confessed, an examination of the record reveals that this total is arrived at only by including some duplication caused by misspelling of names and by including a number of officers whose connection with the case was, at most, extremely tenuous. None of these officers who were not called was present at any time when defendant claims that acts of coercion occurred. Their testimony, therefore, would not have been material on the question of whether the confession was voluntary. Of the officers who could possibly be claimed to have had any part in the interrogation of the defendant, the only one who did not testify was a lieutenant Golden. The record is not clear as to the exact nature or extent of his participation. He appears to have been present at the reenactment of the crime following the confession, and there is a suggestion that he may have been present at an earlier stage of the interrogation, at which stage

defendant admits that he was not subjected to any mistreatment, threats, or intimidation. Golden was not present at the time of the alleged coercive acts testified to by defendant, and, in view of this fact, it is difficult to see how his testimony could in any way have been material to the issue of the voluntary nature of the confession. There was, therefore, no violation of the rule requiring the production of all material witnesses on this issue.

We have frequently stated that, upon preliminary inquiry into the voluntary nature of a confession, the question of its competency is for the trial court alone to decide and that, in making its decision, the court is not required to be convinced of its voluntary character beyond a reasonable doubt. (*People* v. *Miller,* 13 Ill.2d 84; *People* v. *Townsend,* 11 Ill.2d 30; *People* v. *Varela,* 405 Ill. 236.) On review, the decision of the trial court will not be disturbed unless manifestly against the weight of the evidence, or unless the court has clearly committed an abuse of discretion. (*People* v. *Miller,* 13 Ill.2d 84; *People* v. *Lindsay,* 412 Ill. 472; *People* v. *Weber,* 401 Ill. 584.) Here, the evidence was conflicting, and the testimony of defendant was controverted by that of the State's witnesses. Under the circumstances, we cannot say that the decision of the trial judge on the admissibility of the confession was against the manifest weight of the evidence. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*

Mr. JUSTICE HOUSE, specially concurring:

This case again involves the rule that all material witnesses on the issue of the voluntary nature of a confession must be called or their absence satisfactorily explained before a confession may be admitted in evidence. The majority opinion recognizes the rule but finds that all material witnesses had been called.

I question the practicality of the rule which originated

with *People* v. *Rogers,* 303 Ill. 578. Oddly enough that case was just the converse of more than twenty subsequent cases. There the trial court refused to admit the confession because he was satisfied that it had been obtained by beating the defendant into submission thereby coercing the confession. Although it was unnecessary to a decision in that case, a hard and fast rule was promulgated that a trial court should absolutely refuse to admit a confession into evidence until the State has examined every police officer and everyone present at a defendant's questioning. The next case was *People* v. *Sweeney,* 304 Ill. 502, where the trial court admitted the confession without all persons present being called and the conviction was reversed on authority of the *Rogers case.* The majority opinion comments on the variations in subsequent cases (many of which are cited), but notes that the rule still exists.

In *People* v. *Dale,* 20 Ill.2d 532, Mr. Justice Bristow, joined by Mr. Justice Hershey, the writer of the majority opinion in this case, expressed dissatisfaction with the result produced by application of the rule. Their dissent points up its inflexibility. I am also of the firm conviction that this is a matter of competency of evidence and should be left to the discretion of the trial judge. If, in order to satisfy himself of the competency of a confession, he requires all of the material witnesses to be called, he should do so. On the other hand if he were satisfied to hear less than all of such witnesses, that also should be within his discretionary power, and we should reverse only where we are satisfied that there was a clear abuse of discretion.

The primary consideration is whether a confession is voluntary or involuntary. To automatically reverse any conviction without even looking at the evidence upon which the trial judge made his finding of voluntariness because all material witnesses were not called or their absence explained, places form above substance. If the present rule insured any degree of certainty as to a proper determination

of the voluntariness of a confession, it would merit the position it now holds. I believe, however, that justice has been averted on many occasions by its application. It has been stated that the rule is not a mechanical one but a practical one designed to assist the trial court in determining whether the confession was involuntary. (*People* v. *Jennings,* 11 Ill.2d 610.) The cases do not, however, support this statement, nor can they because of the inherent nature of the rule.

BRISTOW and KLINGBIEL, JJ., join in this special concurrence.