(No. 35630.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES BULLOCKS, Plaintiff in Error.

*Opinion filed January 23, 1962.*

JAMES J. AHERN, appointed by the court, and RICHARD WALSH, both of Chicago, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (JOHN T. GALLAGHER and WILLIAM L. CARLIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

Defendant, Charles Bullocks, having waived his right to trial by jury, was found guilty of larceny of an automobile by the criminal court of Cook County and sentenced to the penitentiary for a term of not less than 3 years nor more than 10 years. A writ of error has been issued by this court to review the judgment of conviction.

Defendant contends that his confession was improperly admitted in evidence because there was evidence that it had been coerced and the People failed to produce and question one of the officers who allegedly coerced the confession. The defendant testified that officers Boone and Edmondson

beat him until he confessed to the crime charged. Officer Edmondson did not testify nor was his failure to testify explained. These facts are similar to those in *People* v. *Dale,* 20 Ill.2d 532, where we reversed a conviction because the prosecution failed to call as a witness, or satisfactorily explain its failure to call, one of the police officers who allegedly beat Dale until he confessed.

This court in a long line of decisions has held that when there is evidence that a confession has been coerced, the confession should not be admitted in evidence until each material witness on the issue is either produced or his absence explained. The rule has received critical analysis in recent cases, (see *People* v. *Dale,* 20 Ill.2d 532, 534 (dissenting opinion), and *People* v. *Sims,* 21 Ill.2d 425, 433 (concurring opinion),), but the doubts concerning the rule have now been resolved, and they need no longer be urged upon the court. See *People* v. *Wright,* 24 Ill.2d 88, decided at this term.

Since Officer Edmondson was not called nor his absence explained, the confession was improperly admitted in evidence. (*People* v. *Dale,* 20 Ill.2d 532.) The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*