(No. 36093.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERTRAND LEO KING, Plaintiff in Error.

*Opinion filed March 23, 1962.—Rehearing denied May 23, 1962.*

LEWIS R. GINSBERG, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

A jury found the defendant, Bertrand Leo King, guilty of the crime of rape and fixed the term of his imprisonment at 199 years. Upon this appeal he urges (1) that there is not sufficient evidence that the complaining witness used any of the physical means within her power to resist the alleged rape or that the alleged rape was otherwise against her will; (2) that his alleged statement was not voluntary and was erroneously admitted into evidence; (3) that in the closing argument the prosecution asked the jury to consider the effect of the applicable parole laws in fixing his sentence; and (4) that prejudicial remarks were made in the closing argument.

The complaining witness, a nurse, age 22 and married, who was working at a nursing home at the time of the occurrence, testified that the defendant, at 4:05 A.M., August 6, 1958, appeared beside her desk in the first floor hallway with a silk stocking over his head and face and carrying a meat cleaver. He then placed the meat cleaver against her neck and forced her to go downstairs with him into the laundry room where the alleged rape occurred. We need not encumber the records of this court with all of the sordid details of the alleged rape. There was sufficient evidence presented from which the jury could find beyond a reasonable doubt that the defendant committed the act in question, and that the act was against her will.

The defendant's second contention is that his alleged statement was not voluntary, and therefore was erroneously admitted into evidence. In *People* v. *Davis,* 10 Ill.2d 430, we had occasion to discuss in detail the admissibility of confessions in rape cases. We concluded that the burden was on the State to establish that the confession was in fact voluntary and that upon the making of such a *prima facie* case, the burden of going forward with the proof properly shifts to the accused. After the accused has made his case the prosecution may produce evidence in rebuttal to meet that offered against the admissibility of the confession. In this case the defendant testified that he was arrested by police officers in the Western Union Station for stealing shirts; that he was taken at various times in the course of the next few days to three different police stations ultimately being incarcerated in the Racine Street Station. He testified that while he was in the Racine Street Station, he was beaten and threatened by about seven uniformed police officers. He was unable to name any of the officers but he did give a description of three of the officers who allegedly beat him. He testified that after he was beaten, he agreed to make a statement if the police would stop beating him. The next morning he was taken to another police station

where he was questioned further. He was then taken to the office of the Assistant State's Attorney, Patrick Egan. According to the defendant, Egan told him that if he did not agree to make a statement, he would be taken back to the Racine Street Station. The defendant testified that Egan then read statements to the defendant, the defendant repeated them verbatim and then they were transcribed by a reporter.

In order to meet its burden of showing the confession to be voluntary, the prosecution must show by its witnesses the circumstances under which the confession was made, with sufficient detail to enable the court to determine the question. (*People* v. *Fox*, 319 Ill. 606, 617.) Where there is evidence of improper conduct in obtaining an alleged confession, the People are required, if feasible, to produce all persons having any authority or control over the defendant and to show all circumstances surrounding the taking of the confession. The court may exclude such confession unless all parties present in connection with this taking are called as witnesses. *People* v. *Wagoner*, 8 Ill.2d 188; *People* v. *Ickes*, 370 Ill. 486; *People* v. *Davis*, 10 Ill.2d 430; *People* v. *Bullocks*, 23 Ill.2d 515.

In this case, the only evidence presented by the State to rebut the defendant's testimony was the testimony of a police officer who was present at the time defendant gave his statement to Egan and the testimony of Egan himself, both of whom denied that there was any force used in obtaining the statement. Although the reporter was present when the defendant gave his statement to Egan, the reporter did not testify at the hearing. Furthermore, the State did not produce any of the police officers from the Racine Street Station. It is clear that under the doctrine of the above cases, the State has failed to meet the burden imposed upon it. Under these circumstances, the confession should not have been admitted into evidence.

Since the judgment of conviction must be reversed because of the error in admitting the confession and the case must be remanded for a new trial, we find it unnecessary to consider the other errors assigned, as they are of such a nature that they will probably not occur upon a new trial.

The judgment of the criminal court of Cook County is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*