(No. 37749.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PHILIP ROBINSON, Plaintiff in Error.

*Opinion filed November 19, 1965.*

BERNARD M. BAUM, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. LEACH, Assistant Attorney General, and ELMER C. KIS-SANE and STUART P. SHAPIRO, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In a bench trial in the criminal court of Cook County, Philip Robinson, plaintiff in error, and Richard Mitchell were convicted of rape and robbery. The court sentenced each defendant to the penitentiary for a term of 5 to 25 years on each conviction, the sentences to run concurrently. Robinson prosecutes this writ of error to review his conviction.

According to the complaining witness the defendants attacked her at about 2:00 o'clock A.M. on February 19, 1962, forced her into an alley, and there raped and robbed her. The police officer who arrested Robinson at the scene testified that when he arrived he heard prosecutrix yell for help, saying that two men had just raped and robbed her. He said she had blood on her face and hands, her clothes were torn, and her underclothes were torn down. Robinson was arrested at the scene after a struggle with the officer, but Mitchell escaped and was not apprehended until about three months later. A statement which Robinson made admitting his part in the rape and robbery was in substantial agreement with the testimony of the complaining witness concerning the attack.

The defendant raises two points as grounds for reversal: (1) that he was deprived of due process of law because the legal representation he received was of such low caliber as to amount to no representation at all, and (2) that the court erred in admitting the alleged confession into evidence. We will discuss this latter contention first.

When the State offered as evidence a written statement made by the defendant on the morning following his arrest, defense counsel objected to its admission because it was not "timely." Upon inquiry by the court it was learned that

counsel's objection was for the reason that he allegedly had not received a copy of the confession at the time of defendant's arraignment. The record is not entirely clear as to when the defendant was furnished with a copy of the statement. Apparently Robinson had been indicted and arraigned on these same charges prior to Mitchell's arrest and was later reindicted with Mitchell. At the arraignment after these reindictments the defendant's attorney stipulated that the statements furnished in connection with the two previous indictments of Robinson would stand in connection with the reindictments. The court properly overruled the defendant's objection.

When Robinson testified at the trial he alleged for the first time that the confession was involuntarily made. Thereupon the court withdrew its ruling which admitted the statement into evidence and heard testimony concerning the voluntary nature of the confession before making an express finding that the confession was voluntarily made. The record shows that every officer who was present when the confession was made, except one who was no longer with the department, was called to testify. The requirement, under the view of a majority of this court, that each material witness on the issue of the voluntary nature of a confession must be produced or his absence explained, (*People* v. *Sims,* 21 Ill.2d 425; *People* v. *Dale,* 20 Ill.2d 532; *People* v. *Jennings,* 11 Ill.2d 610,) has been met in this case. The only witness to the confession who did not testify was an officer who was no longer with the police force and who was unavailable. The confession was properly admitted into evidence.

In order to sustain the contention that he was deprived of due process of law because of incompetent representation the defendant must clearly establish actual incompetency and substantial prejudice resulting therefrom. (*People* v. *Morris,* 3 Ill.2d 437.) As illustrations of the alleged incompetency of the defense counsel, the defendant says

that his attorney was not prepared for trial, that he failed to subpoena witnesses, and that he failed to exclude defendant's confession from evidence. This last claim merits no discussion in view of our holding that the confession was properly received in evidence over timely objections of counsel.

On the day of the trial defense counsel said that he had not talked to the witnesses, that they were not present, and that he had not subpoenaed them. Upon carefully examining the record we note that the defendant apparently assured his attorney that his witnesses would appear voluntarily. Failure to subpoena witnesses in reliance on these assurances of the defendant does not reflect incompetence on the part of counsel. The record shows that the trial was continued to allow witnesses for the defendant to appear. The defendant was not prejudiced by counsel's failure to interview the witnesses prior to the trial. Substantial prejudice resulting from incompetent representation must be shown in order for us to reverse the conviction. *People* v. *Morris,* 3 Ill.2d 437.

We cannot say that defendant's court-appointed counsel provided such incompetent representation as to deprive the defendant of due process of law. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*