(No. 43130.—
THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
CHARLES STOKES *et al.*, Appellants.

*Opinion filed September 29, 1970.*

FREDERICK F. COHEN, of Chicago, appointed by the court, for appellants.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (ELMER C. KISSANE and MICHAEL SCOTT CISNEY, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendants Charles Stokes, Nathaniel Bennett and Donald M. Monroe were found guilty of armed robbery by

a jury in the circuit court of Cook County. Stokes was sentenced to the penitentiary for a term of 4 to 7 years, Bennett was sentenced to the penitentiary for a term of 9 to 18 years and Monroe was sentenced to the penitentiary for a term of 12 to 25 years. They appeal to this court pursuant to Rule 302(a)(2) alleging the denial of a constitutional right.

Defendants first argue that the trial court erred in denying their motion to suppress the identification testimony of the prosecution's witnesses at the trial. This case involved the armed robbery of a service-station attendant at about 4:00 o'clock A.M. on October 17, 1967. Robert McClinton, the victim of the robbery, and Bob Dukes, a patron at the station, had ample opportunity to observe the 3 men who committed the robbery. About 12:00 o'clock noon that day the 3 defendants and 3 other men were arrested for another offense and were taken to the police station. About 8:00 o'clock P.M. McClinton and Dukes went to the police station, observed the six men the police had arrested at noon and identified the three defendants as the men who had committed the robbery early that morning.

At the hearing on the motion to suppress the identification testimony, all three defendants testified that they made numerous requests to call a lawyer prior to the time they were identified in the line-up by McClinton and Dukes. They also testified that during the line-up the police had them face the wall and a police officer touched their backs prior to being identified by McClinton and Dukes. Detective Walter Zamolewicz testified that he advised all 6 men in the line-up of their constitutional rights (the usual *Miranda* warnings) and also told them they had a right to have a lawyer represent them during the line-up. He said he then asked each man if he understood his rights and each one made no reply. He said the six men were facing McClinton and Dukes when they were identified and no police officer

touched any of the men. A photograph of the line-up was also admitted in evidence.

It is clear from the remarks made by the trial court in analyzing the evidence produced at the hearing that he believed the testimony of Detective Zamolewicz and did not believe the testimony of the defendants. He ruled that defendants waived any right they may have had to have an attorney represent them during the line-up and that the line-up was not suggestive.

The defendants first call our attention to the long line of decisions by this court holding that when there is evidence that a confession has been coerced, the confession should not be admitted in evidence until each material witness on the issue is either produced or his absence explained. (See *People* v. *Wright*, 24 Ill.2d 88, and cases therein cited.) They then argue that the same rule must be applied concerning the admissibility of in-court identifications where the defendants allege their request for counsel was denied at a pretrial line-up and the line-up was impermissibly suggestive.

The rule requiring the production of all material witnesses where there was evidence that the confession had been coerced finds its beginning in *People* v. *Rogers*, 303 Ill. 578, decided in 1922. At that time a defendant did not, of course, enjoy the protections now available against his allegedly coerced confession being admitted in evidence. (See *e.g.*, *Miranda* v. *Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602; *Escobedo* v. *Illinois* (1964), 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758; *Malloy* v. *Hogan* (1964), 378 U.S. 1, 12 L. Ed. 2d 653, 84 S. Ct. 1489; *Rogers* v. *Richmond* (1961), 365 U.S. 534, 5 L. Ed. 2d 760, 81 S. Ct. 735.) The burden placed on the prosecution of producing all material witnesses as to the voluntariness of a confession compensated to some extent for the lack of these protections now afforded a defendant. While some members of this court later questioned the value of the rule,

(see *People* v. *Sims,* 21 Ill.2d 425, 433 (special concurring opinion),) a majority of the court felt that use of the rule should be continued; *People* v. *Bullocks,* 23 Ill.2d 515; Ill. Rev. Stat. 1969, ch. 38, par. 114—11(d).

We feel that the circumstances which gave rise to the rule in the earlier confession cases do not exist in the present identification cases, particularly with the advent of *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951; and *Stovall* v. *Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967. Defendants do not suggest why the usual rules governing the production of witnesses or explanation of the absence of witnesses are not sufficient for the resolution of the issues raised in this type of pretrial motion and we are not aware of any reason. Accordingly, we hold that the failure of the prosecution to call all material witnesses on the issues raised by a motion to suppress identification testimony or explain their absence will not of itself require the reversal of a conviction.

It is next argued that the trial court limited defendants from presenting testimony concerning the denial of their right to counsel at the line-up. There is no merit to this assertion. All three defendants testified at length as to their requests for counsel and the circumstances of the line-up— their testimony alone on these two points covering 85 pages of the transcript. We have examined all of this testimony, as well as the testimony of Detective Zamolewicz (which covers another 31 pages), and are of the opinion that the trial court was justified in denying the motion to suppress the identification testimony.

Defendants also assert that the closing argument of the prosecution was extremely prejudicial and denied them a fair trial. An examination of the argument shows that it was not objected to and was either invited by the defense argument or was legitimate comment on the evidence. In

their reply brief they argue, nevertheless, that the prosecutor's comments on the presumption of innocence were so prejudicial as to require reversal even though there was no objection.

The defense counsel had told the jury about defendants' presumption of innocence. The prosecution in reply said that defendants are presumed innocent but suggested that the evidence proved their guilt beyond a reasonable doubt and the presumption of innocence no longer exists. The court instructed the jury that the defendants "are presumed innocent of the charge in the indictment, and this presumption remains throughout every stage of the trial with the defendants and during your consideration of your verdict and until you have been satisfied by all the evidence in the case beyond all reasonable doubt of the guilt of the defendants."

We do not believe that the jury was misled on the presumption of innocence. The cases cited by defendants on this point, *People* v. *Harper,* 36 Ill.2d 398; *People* v. *Long,* 407 Ill. 210; *Flynn* v. *People,* 222 Ill. 303, deal with instructions on the presumption of innocence and not a remark by counsel.

The record does not support the final contention that there was a variance between the indictment and the proof as to Nathaniel Bennett. The record shows that it was Nathaniel Bennett who was indicted, tried and found guilty and not his brother, Donald.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*